(63 Misc. Rep. 525.)

### SCHWEHM et al. v. HINBERG.

(Supreme Court, Special Term, New York County.   June 14, 1909.)

1. PLEADING (§ 85*)—TIME TO ANSWER—EXTENSION—EFFECT OF PROCEEDINGS FOR SECURITY FOR COSTS.

An order requiring plaintiff to give an undertaking for costs, and staying his proceedings in the meantime, does not extend the time to answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 174; Dec. Dig. § 85.*]

2. PLEADING (§ 85*)—FAILURE TO ANSWER IN TIME—RELIEF AGAINST DEFAULT.

Where by the order to show cause on a motion to direct the acceptance of service of an answer as of a particular date, defendant also seeks "such other relief as may be just and proper," and the papers disclose a sufficient excuse for the default and a defense on the merits, defendant should be allowed to come in and defend on the merits, notwithstanding the denial of the motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 175; Dec. Dig. § 85.*]

Action by Harry J. Schwehm and others against Jacob Hinberg. Motion to direct the acceptance of service as of a particular date. Motion denied, but defendant allowed to come in and defend by reason of showing a sufficient excuse for his default and a defense on the merits.

Samuel Saltzman, for the motion.

Fleischman & Fox, opposed.

GIEGERICH, J.   The summons and complaint were served upon the defendant on May 18, 1909, and on May 27th he obtained an order requiring the plaintiff, who is a nonresident, to file an undertaking as security for costs within 15 days after the service of a copy of the order, which contained a provision staying the plaintiff from taking any proceedings, except to review or vacate the said order, until the filing of such undertaking and the service of a copy thereof with notice of filing.   On June 3d the plaintiff filed and served an undertaking in pursuance of said order, and 5 days thereafter the defendant served his answer, which was returned by the plaintiffs on the ground that the defendant was in default; it being claimed that the latter's time to answer expired on June 7th.

The plaintiffs contend that, since the answer was served 21 days after the service of the summons and complaint, the defendant is in default; and the latter maintains that he is not in default, and that he served his answer 6 days before his time to answer expired.   In other words, that the stay contained in the order operated, not as an extension of time to plead, but as an injunction against the running of the time in favor of the plaintiffs.   The authorities, however, do not support such contention.   In White v. Smith, 16 Abb. Prac. 109, note, it was expressly held that an order requiring the plaintiff to give an undertaking for costs, and staying his proceedings until it was filed and the sureties justified, did not operate as an extension of time to answer. After some research, I have been unable to find that this case has been

overruled or criticised. On the contrary, it is cited with approval in Romaine v. Cornwell, 11 Abb. Prac. (N. S.) 430. Under the authority of the case first cited, it must be held, in the absence of any extension of the defendant's time to answer, that he became in default upon the expiration of 20 days after service of the summons and complaint upon him. The motion to compel the plaintiffs to accept service of the answer, as of the date of June 8, 1909, is therefore denied.

The defendant, however by the order to show cause, also seeks "such other relief as may be just and proper." The court, in its discretion, is therefore empowered to grant other relief than prayed for. McKesson v. Russian Co., 27 Misc. Rep. 96, 98, 57 N. Y. Supp. 579. The papers disclose a sufficient excuse for the default and a defense on the merits, and the defendant should therefore be allowed to come in and defend on the merits. He may accordingly do so, provided he serves a copy of his answer on the plaintiffs' attorneys within one day after the service of a copy of the order to be entered hereon, with notice of entry thereof.

No costs.