GRACE GREEN, Individually and as Administratrix of the Estate of RAYMOND GREEN, Deceased, Respondent, v. MORNINGSIDE HEIGHTS HOUSING CORP., Appellant, et al., Defendants.

McNALLY, J. (dissenting). I dissent and vote to reverse the order below.

The Legislature has prescribed with great particularity the manner in which personal jurisdiction of a domestic corporation shall be obtained. Where, as in the case at bar, the legislative mandate has not been complied with, the courts may not provide an equivalent therefor. The mandate of section 228 of the Civil Practice Act is clear. The statute directs that personal service of a summons on a domestic corporation "must be made by delivering a copy thereof" to one of the persons specifically designated in subdivision 8 thereof. Concededly, that was not done in the case at bar.

At the hearing before the Official Referee, the process server admitted that he "gave the summons to the receptionist". When he was asked if he saw Arthur Frank that day, he could only say: "I think I did." Later he stated: "I saw him partly, but I didn't get a good look at him." He could not identify Mr. Frank. Geraldine Ciliberti, the receptionist, testified that the process server merely walked into the reception room of the James Felt & Co., Inc., office and handed her the summons without saying anything at all and that she later gave the paper to Mr. Frank in his office, which was located "down a hall" away from the reception room. Arthur Frank testified: "I never saw the process server."

At the premises where service was attempted, the defendant maintained "an executive vice-president, two secretaries and approximately 26 maintenance

men." Under these circumstances, there was plainly no reason at all why proper service could not have been made by delivering a copy of the summons to the defendant's executive vice-president on the premises. Even if it be assumed that Arthur Frank is the managing agent of this domestic corporation within the meaning of section 228 of the Civil Practice Act, the mandate of the statute that service of the summons must be made by delivering a copy thereof to the managing agent of the corporation was not complied with.

The holding of Special Term is fraught with danger. Once it is held that there can be an equivalent for procedure mandated by the Legislature or that there can be degrees of compliance with the legislative mandate, abuses too numerous to mention will creep in. " The Legislature has the power to say how jurisdiction of a corporation can be obtained. It has so declared, and it is for the courts to enforce its mandate and not prescribe some other one." (*Eisenhofer* v. *New Yorker Zeitung Pub. Co.*, 91 App. Div. 94, 95.)

*Ives* v. *Darling* (210 App. Div. 521) is in point. In that case the court held service to be invalid where the summons was handed to the husband of the defendant in one room while the wife defendant was in an adjoining room, where she had been advised of the summons and had told her husband to take the same for her. The process server noted that he knew it was the defendant who asked her husband to take the summons and complaint and that she was not more than 20 feet from the place where the husband and the process server were standing. The court there held that there was no proper or sufficient service of the summons or complaint on the defendant.

The order appealed from should be reversed on the law, and the motion of the defendant Morningside Heights Housing Corp. to vacate the service and dismiss the complaint should be granted, with costs.

Botein, P. J., Valente, Stevens and Bergan, JJ., concur in decision; McNally, J., dissents in opinion.

Order affirmed, with $20 costs and disbursements to respondents. [13 Misc 2d 124.]