Abraham N. Geller, J.
This motion involves the question of priority of examination before trial. Plaintiff is a foreign corporation. Sixteen days after service of the summons and complaint defendant obtained an order for security for costs to be given by plaintiff. About two months thereafter plaintiff, having been given permission for late filing of the undertaking, simultaneously served with a copy of the undertaking a notice to examine defendant before trial. Defendant thereupon brought on this motion to direct that it has priority of examination and served its notice to examine plaintiff.
Rule 3106 of the Civil Practice Law and Rules states the rule for normal priority. Under it a defendant may serve notice to examine plaintiff at any time after the action is commenced; a plaintiff is required to obtain leave of court if he seeks to serve notice to examine defendant within 20 days after service of the complaint. After the 20 days the one who serves first obtains priority.
Applying rule 3106 of the Civil Practice Law and Rules literally this plaintiff would seem to be entitled to priority, since defendant did not serve notice during the 20-day period and plaintiff was the first party to serve notice to examine in the subsequent period.
However, the order for security for costs requires a readjustment of time elements. An order for security for costs, as is *710 well known, results in a stay of proceedings. But it is important to note a change in the provision therefor in section 8502 of the Civil Practice Law and Rules from that contained in former section 1524 of the Civil Practice Act. The former provision was that, until security was given pursuant to the order, ‘ ‘ proceedings on the part of the plaintiff ’ ’ except to review or vacate the order were stayed. The present provision is that “ all proceedings” other than to review or vacate the order shall be stayed. The word “ all,” has been added and the phrase, “ on the part of the plaintiff,” eliminated, to indicate that the stay is applicable to defendant also, so that whatever adverse time elements may be running against him will be suspended.
It had been held under the former provision, which stayed only the plaintiff, that the time to answer of the defendant who had obtained the order was not tolled (Schwehm v. Hinberg, 63 Misc. 525). The present change suspends the time to answer until after the security is given. “ The change in language indicates an intention to suspend the running of any time period until the security is furnished.” (6 Weinstein-KornMiller, N. Y. Civ. Prac., par. 8502.02.)
Thus, a stay of “ all proceedings ” was effected 16 days after service of the summons and complaint when the order for security for costs was obtained. All time periods were then suspended until the undertaking was given. Whenever the undertaking was given plaintiff would still have four days remaining during which it would have to get leave of court to serve notice to examine. Defendant was at liberty to serve notice to examine at any time after the undertaking was given. The suspension keeps available defendant’s right to normal priority as intended by rule 3106.
Although the court could vacate plaintiff’s notice to examine on the ground that the required leave was not obtained, under the circumstances the same result will be achieved by directing that defendant has priority, that plaintiff’s examination by defendant shall be taken at Special Term, Part II of this court on March 26, 1964 at 10:00 a.m. (or at such other time and place as the parties may agree), and that defendant’s examination by plaintiff shall follow at the same time and place.