■ MARK DANIELS et al., Appellants, v GERARD EASTMAN et al., Defendants, and GERALD A. ZIPPEN, Respondent. — In an action to recover damages for medical malpractice, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated June 4, 1981, which, after a hearing, denied their motion to dismiss defendant Gerald A. Zippen's affirmative defense of

lack of personal jurisdiction, and, in effect, granted Zippen's cross motion to dismiss the action as to him. Order reversed, with $50 costs and disbursements, motion granted and cross motion denied. Trial Term found that the process server, in attempting to serve Dr. Gerald Zippen, approached Dr. Zippen and Dr. Eric Lutker as they were sitting together in Zippen's office, handed an envelope containing the summons to Lutker and, without inquiring as to the identity of the doctors, immediately left the office. Lutker thereupon opened the envelope and, upon ascertaining that it contained a summons for Zippen, handed it to him. Trial Term dismissed the action as to Zippen on the ground of lack of personal jurisdiction. It is well settled that redelivery of a summons, to its intended recipient, by the original, incorrect recipient of the summons does not, in general, constitute valid service of process (see *McDonald v Ames Supply Co.*, 22 NY2d 111). However, an exception to this rule is that if the original service of the summons and the redelivery to its intended recipient are "so close both in time and space that [they] can be classified as * * * part of the same act service is effected" (*Green v Morningside Hgts. Housing Corp.*, 13 Misc 2d 124, 125, affd 7 AD2d 708). The service here comes within the purview of the rule set forth in *Green v Morningside Hgts. Housing Corp.* (*supra*), and hence, was valid. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.