■ HELEN MARTINI et al., Appellants, v EDWARD W. POWERS, III, Respondent. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Kings County (Hirsch, J.), dated September 21, 1983, which, after a traverse hearing, *inter alia,* denied plaintiffs' motion to strike the affirmative defenses of lack of personal jurisdiction and the Statute of Limitations, holding that plaintiffs' attempted personal service of a summons and complaint upon defendant was improper.

Order affirmed, without costs or disbursements.

The issue on the traverse hearing was whether defendant was personally served with a summons and complaint on Saturday, December 4, 1982, as asserted in the affidavit of service by plaintiffs' process server, or on Sunday, December 5, 1982, as asserted by defendant. The burden of proof is upon plaintiffs to establish proper service by preponderating evidence (*Smid v Lombard,* 83 AD2d 877). In finding that the evidence weighed closely on both sides and that plaintiffs failed to sustain their burden, Special Term based its decision upon the evidence presented as well as the credibility of the witnesses whom it had the opportunity to observe. Based upon our review of the record, we see no reason to disturb the determination of the hearing court (*Altman v Wallach,* 104 AD2d 391; cf. *Old Colony Furniture Co. v Fiegoli,* 97 AD2d 790). Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.