OPINION OF THE COURT
Per Curiam.
Delivery of a summons to defendant’s son outside his house, after which the son goes into the house and gives the summons to his father, is not valid service on defendant pursuant to CPLR 308 (1).
Plaintiff instituted this action for damages arising out of injuries incurred on February 27, 1975 while he was a passenger in defendant’s car. Nearly three years later, on February 15, 1978, a process server — accompanied by plaintiff — went to the home of defendant, Salvatore Russo, to serve him with a summons. Upon arrival, the process server approached John Russo (Salvatore’s son), who was outside the house washing a car. The process server said either "Mr. Russo?” or "Sal Russo?”,* and handed John the summons. John Russo walked to the car in which plaintiff was seated, inquired of plaintiff’s health, and asked what the papers were. The process server told him to read them and drove off with plaintiff. John then went into the house and handed the papers to his father.
Upon defendant’s motion for summary judgment dismissing the complaint for inadequate service, Special Term ruled that service on defendant had been effected, relying on Pitagno v *594 Staiber (53 Misc 2d 858). The Appellate Division reversed and dismissed the complaint on the ground that delivery of a summons to the wrong person does not confer jurisdiction over defendant, even though the summons shortly thereafter comes into the possession of the party to be served, citing McDonald v Ames Supply Co. (22 NY2d 111). We granted leave to appeal and now affirm.
None of the three grounds tendered by plaintiff in support of service has merit.
First, plaintiff urges that delivery to defendant was sufficiently close in time and space to the initial delivery to his son to constitute valid service under CPLR 308 (1). The Legislature in CPLR 308 has provided a plaintiff with a range of methods for effecting personal service upon a natural person (see, Feinstein v Bergner, 48 NY2d 234, 239-240). Where plaintiff chooses to make service by personal delivery to defendant the statutory requirements could not be plainer: service must be made "by delivering the summons within the state to the person to be served” (CPLR 308 [1]). While the Appellate Division has in certain circumstances sustained service where delivery initially was made to the wrong person (see, Daniels v Eastman, 87 AD2d 882; Conroy v International Term. Operating Co., 87 AD2d 858; Green v Morningside Hgts. Hous. Corp., 13 Misc 2d 124, affd 7 AD2d 708), in Espy v Giorlando (56 NY2d 640), this court refused to recognize delivery of process to another person as constituting personal delivery to defendant. As we stated: "We see no reason to extend the clear and unambiguous meaning of CPLR 308 (subd 1).” (Id., at p 642.) Thus, plaintiff’s first contention must fail.
Second, citing McDonald v Ames Supply Co. (22 NY2d 111, 115, supra), plaintiff argues that service should be validated because "the process server has acted reasonably”. McDonald was decided before the enactment of CPLR 308 (2), which permits service to be made upon an individual by leaving a copy of the summons with a person other than the named defendant. Given this alternative, "any consideration of whether due diligence was or was not used in an effort to make delivery to [defendant] in person is irrelevant.” (duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797.) Whether a narrow exception to the requirements of CPLR 308 (1) may be made in situations where a process server acts reasonably in the face of misrepresentations regarding the identity or au *595 thority of the person served is a question we do not reach, particularly in view of plaintiffs presence at the time the summons was delivered to defendant’s son (see, Bossuk v Steinberg, 58 NY2d 916; and Bradley v Musacchio, 94 AD2d 783).
Finally, plaintiffs contention that defendant has not been prejudiced, and therefore service should be upheld, must also be rejected. In a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment (see, e.g., De Zego v Donald F. Bruhn, M. D., P. C., 67 NY2d 875). Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court (see, Feinstein v Bergner, 48 NY2d 234, 241; McDonald v Ames Supply Co., 22 NY2d 111, 115, supra).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.

 John testified that he was asked "Mr. Russo?”, and answered "Yes”, at which point he was handed a paper. The process server testified he said "Sal Russo?” and John made no answer. The courts below made no finding on this issue.