■ ROBERT A. DONALDSON, SR., Respondent, v DEAN F. MELVILLE, Appellant.—Main, J.

On June 26, 1984, a process server went to defendant's office in the Village of Saranac Lake, Franklin County, to serve a summons and complaint on defendant. Upon being informed by defendant's receptionist that defendant was not available, but would be after examining a patient, he left the summons and complaint with the receptionist, who promised to give the papers to defendant. Defendant did in fact receive the summons and complaint shortly thereafter. The process server subsequently mailed a summons and complaint to defendant's

office. Special Term granted plaintiff's motion to strike the defenses of lack of personal jurisdiction and Statute of Limitations contained in defendant's answer and denied defendant's cross motion to dismiss the complaint for lack of personal jurisdiction, finding that defendant's receptionist had personally delivered the summons and complaint to defendant and that she was a person qualified to make such service. This appeal ensued.

We first note that the method of service used does not meet the requirements of CPLR 308 (3), since defendant's receptionist was not an agent for service designated pursuant to CPLR 318. In addition, the method of service was improper under CPLR 308 (2). Although the summons and complaint were delivered to a suitable person at defendant's place of business, the process server failed to mail the summons and complaint to defendant at his last known address, a requirement which must be strictly construed (see, Donohue v La Pierre, 99 AD2d 570). Therefore, if service in this case is to be considered valid, it must be found to be within the confines of CPLR 308 (1), requiring personal service upon defendant.

We find that the requirements of CPLR 308 (1) have not been met. The Court of Appeals has stated that the meaning of CPLR 308 (1) is "clear and unambiguous" and should not be extended (Espy v Giorlando, 56 NY2d 640, 642). Accordingly, that court has found delivery of a summons to a defendant's son outside the defendant's residence, after which the son delivers the summons to the defendant inside the residence, to be improper service (Macchia v Russo, 67 NY2d 592). While service may be found valid where the process server mistakenly delivers the summons and complaint to an individual in the presence of the person for whom service is intended (see, Bradley v Musacchio, 94 AD2d 783; Daniels v Eastman, 87 AD2d 882), delivery in this case was made outside defendant's presence, and thus does not come within this possible exception to the general rule. Furthermore, there is no evidence of any other extenuating circumstances, such as a misrepresentation by the receptionist of her authority to accept service of process, which might validate the delivery made in this case (see, Macchia v Russo, supra, pp 594-595). While we note that defendant did have actual notice of this action, such notice alone does not subject a defendant to the court's jurisdiction when there is an absence of compliance with the prescribed conditions of service (see, id., p 595; Markoff v South Nassau Community Hosp., 61 NY2d 283, 288). Therefore, we are

constrained to find that service in this case was not made in conformity with CPLR 308 (1).

Order reversed, on the law, without costs, motion denied, cross motion granted and complaint dismissed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.