■ GEORGE F. AQUILA, Respondent, v CONSTANCE A. AQUILA, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Kings County (Potoker, J.), entered July 21, 1986, which, after a hearing, denied her motion to set aside a default judgment of divorce and to dismiss the complaint on the ground that she was not served with process.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, the judgment of divorce is vacated, and the plaintiff husband's complaint is dismissed.

The issue at the hearing was whether or not the defendant was personally served with process in front of her home in Brooklyn on May 13, 1985. It is well established that the burden is upon the plaintiff to establish proper service by a preponderance of the credible evidence *(see, Powell v Powell,*

114 AD2d 443; *Martini v Powers,* 105 AD2d 731; *Smid v Lombard,* 83 AD2d 877). At bar, Special Term's finding of proper service was clearly against the weight of the credible evidence. While the hearing court noted that its decision was based upon the "forthright and credible" testimony of the plaintiff's process server, this testimony simply did not amount to a fair preponderance of the evidence when weighed against the compelling documentary evidence presented by the defendant in support of her contention that she was in San Francisco, California, at the time of the alleged service. The defendant presented in evidence the airline tickets that had been charged to her account and made out in her name, indicating that she had departed for San Francisco on the morning of May 13, 1985, and did not return until May 24, 1985. The defendant also presented a grocery store receipt dated May 13, 1985, at 17:06 hours (8:06 P.M. eastern time) from a California supermarket chain store, and, further, the defendant submitted her own personal expense voucher as evidence that she had made such a business trip. Special Term gave undue weight to the absence of certain expense items, and, additionally, did not give proper credit to the testimony connecting the defendant to the documentary evidence. Accordingly, we find that since the hearing court's determination was not supported by a fair preponderance of the evidence, the plaintiff has failed to meet his burden of proof. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.