■ PHI SIGMA PHI SORORITY, INC., Appellant, v LINDA A. SIMONS, Respondent, et al., Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Harlem, J.), entered December 18, 1986 in Otsego County, which, *inter alia,* granted defendant Linda A. Simons' cross motion to dismiss the complaint against her due to lack of personal jurisdiction.

Plaintiff commenced this action to recover for damages occasioned by a fire allegedly negligently caused by defendants. Shortly before the expiration of the Statute of Limitations, service by personal delivery upon defendant Linda A. Simons at her Washington, D.C., home was attempted by a process server posing as a delivery man. The summons and complaint, contained in a sealed, legal-sized envelope and addressed to Simons, were accepted by Simons' roommate, who signed Simons' name to the signature card; she did so believing she would not be permitted to accept delivery in her own name and because Simons was already at work. The process server claims the roommate twice verbally represented that she was Simons; the roommate denies this.

Following a hearing on plaintiff's motion to strike Simons' affirmative defenses of lack of personal jurisdiction and Statute of Limitations and Simons' cross motion to dismiss the complaint against her based on those affirmative defenses, Supreme Court granted the cross motion and plaintiff appeals. Inasmuch as this was a singular event for the roommate, and not so for the process server who performed this task about 100 times a week, Supreme Court credited the roommate's version. We affirm.

This is another instance pointing up the hazard of relying solely on in-hand service (CPLR 308 [1]) shortly before the Statute of Limitations is to expire *(see, e.g., Donaldson v Melville,* 124 AD2d 361, *lv denied* 69 NY2d 604). Plaintiff argues that its service comes within the narrow exceptions to the need for strict compliance with CPLR 308 (1) because the process server acted reasonably and Simons received actual notice when she arrived home and opened the envelope *(see, Matter of Shedlin v State Tax Commn.,* 62 AD2d 806, 808-809; *see also, Daniels v Eastman,* 87 AD2d 882, 883). The applicability of *Shedlin* is doubtful since it concerns CPLR 312, which offers no alternative to personal delivery, and *Daniels* is of questionable validity in light of *Macchia v Russo* (67 NY2d 592, 594); as such, the instant case cannot be said to be within the reach of the redelivery exception, which in the factual posture presented is now limited to delivery made in the presence of the intended recipient *(see, Donaldson v Melville, supra,* at 362).

As for plaintiff's contention that its service of process should be deemed valid because its process server acted reasonably, and failed only because of misrepresentation by Simons' roommate, this is a disingenuous assumption to say the least for the process server feigned being a delivery man *(see,* McLaughlin, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:1 [1988 Pocket Part], at 206, and cases cited therein; Siegel, NY Prac § 66, at 68). It suffices to note that Supreme Court credited the roommate's version of what transpired and, more importantly, that there is no evidence Simons was responsible or accountable for her roommate's conduct.

Order affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ., concur.