(November 22, 1988)

■ BALBINA C. DE VELUTINI, Appellant, v VICENTE VELUTINI et al., Defendants, and MANUFACTURERS HANOVER TRUST COMPANY, Respondent.—Order, Supreme Court, New York County (Louis Grossman, J.), entered on or about June 18, 1987, which granted defendant-respondent's motion to confirm the Referee's report and to dismiss the complaint for failure to effect personal jurisdiction over respondent bank, unanimously reversed, on the law, and the motion to confirm and to dismiss the complaint denied, without costs.

Defendant-respondent, Manufacturers Hanover Trust Co., moved to dismiss the complaint herein, alleging that the corporation had not been properly served as required by CPLR 311 and, therefore, that personal jurisdiction was lacking. Although the affidavit of service indicated that the summons had been served upon one Daniel D. Davis, vice-president and counsel, the process server's affidavit submitted in opposition to the motion stated otherwise. The process server averred that he went to respondent's legal department on September 25, 1984, and asked to whom he should give the summons. He was told that Mr. Daniel Davis was the person in charge and the secretary took the summons, stamped his copy showing that it had been received at 12:00 noon, and gave it back to him together with Mr. Davis' business card.

The affidavit of respondent's legal assistant who is authorized to receive service on behalf of the corporation, Cheryl Dauscher Albrecht, denied that she had been personally served with the summons in this action. On September 25, 1984, when she returned from lunch, she found a copy of the

summons and complaint on her desk. There was no stamp of any kind on the summons and "for recordkeeping purposes only" she stamped it indicating it had been received at 2:00 P.M. She further stated that it was respondent's established procedure to stamp both copies of a summons at the same time when they are presented by a process server. She denied having any information as to how the stamp came to appear on a copy of the summons retained by appellant's process server.

Supreme Court found there was an issue as to whether respondent had been properly served and referred the matter to a Referee. Prior to the traverse hearing, the depositions of Cheryl Albrecht and appellants' process server were taken. Testimony of Cheryl Albrecht and another of respondent's employees was taken at the hearing before the Referee in May 1986. Appellant's process server, however, failed to appear. The Referee gave appellant an opportunity to produce the process server at another hearing and counsel was instructed to contact the Referee. Five months later, after the Referee had received no word from appellant's counsel, he concluded that appellant had decided not to go forward with the action. Based on the testimony of respondent's employees, he concluded that process had not been served in accordance with CPLR 311 and recommended that the action be dismissed.

Upon reviewing the testimony at the traverse hearing, we find, to the contrary, that the service should be sustained. Respondent's witness admitted that the summons was actually received by respondent's authorized agent within two hours after appellant's process server claimed that it was served. Moreover, Ms. Albrecht acknowledged that the stamp on appellant's copy of the summons was, except for the time, identical to the stamp that she placed on the copy on her desk. There was only one such stamp in the office and it was kept on a desk, located approximately 75 feet into the main office. Thus, it would be highly unlikely that appellant's process server found his way to that desk unassisted, stamped his copy of the summons, found the business card of respondent's vice-president and counsel, and, still unaided, placed a copy of the summons on the desk of respondent's authorized agent. This is not a case in which the summons was delivered to a building receptionist or other person not employed by respondent. (See, McDonald v Ames Supply Co., 22 NY2d 111 [1968].) Testimony by respondent's own witness leads to the conclusion that the process server acted reasonably and diligently in bringing the questioned process within the purview

of the person to be served and that redelivery of the summons to the authorized agent was " 'so close both in time and space that it can be classified as part of the same act' " *(supra,* at 115, quoting *Green v Morningside Hgts. Hous. Corp.,* 13 Misc 2d 124, 125 [Sup Ct, NY County 1958], *affd* 7 AD2d 708 [1st Dept 1958]; *see also, Daniels v Eastman,* 87 AD2d 882 [2d Dept 1982]). Under the standard set forth in *Fashion Page v Zurich Ins. Co.* (50 NY2d 265 [1980]), service in this case should be sustained. Concur—Murphy, P. J., Ross, Asch, Rosenberger and Smith, JJ.