■ HERMAN CAUDLE, Appellant, v JEFFREY ADLER, Respondent.—In an action to recover damages based on podiatric malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated February 11, 1987, which, after a hearing, granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiff attempted to serve the summons and complaint by personal delivery in accordance with the terms of CPLR 308 (1). However, the summons and complaint were instead delivered to Dr. Merwin Adler, the defendant's father, with whom the defendant shared an office. The plaintiff's process server testified that the man to whom he delivered the summons and complaint had identified himself as "Jeffrey Adler", whereas Merwin Adler testified that he had identified himself only as "Dr. Adler". Merwin Adler also testified that he did not discover that the summons and complaint were not addressed to him until after having received it and after having brought it back from the reception area into his office. The hearing court determined that the plaintiff had failed to prove that the court had acquired in personam jurisdiction under these circumstances. We affirm.

The Court of Appeals has expressly left open the question whether personal jurisdiction may be obtained pursuant to CPLR 308 (1) where the summons and complaint are delivered to a third party who identifies himself as the defendant (see, Macchia v Russo, 67 NY2d 592). Assuming, without deciding, that jurisdiction may be conferred under such circumstances,

we believe that it would be necessary for the plaintiff to show that the defendant was to some extent aware of the alleged misrepresentation *(see, Phi Sigma Phi Sorority v Simons,* 137 AD2d 873, 874). In the present case, even if it were assumed that Merwin Adler misleadingly identified himself as Jeffrey Adler, there is insufficient evidence to warrant the conclusion that Jeffrey Adler knew of or participated in such misrepresentation. There is no evidence that the defendant sought to evade service *(cf., Bossuk v Steinberg,* 58 NY2d 916, 918; *McDonald v Ames Supply Co.,* 22 NY2d 111, 115; *Spector v Berman,* 119 AD2d 565). Furthermore, in light of the ambiguity of the evidence on this score, we find, as a matter of fact, that the plaintiff failed to meet his burden of proving that Merwin Adler in fact misrepresented his identity *(see generally, Aquila v Aquila,* 129 AD2d 544; *Martini v Powers,* 105 AD2d 731). We credit Merwin Adler's testimony that he correctly identified himself as "Dr. Adler" and was not asked to give any further identification.

We therefore conclude that the plaintiff failed to meet his over-all burden of establishing that personal jurisdiction over the defendant had been obtained, and we accordingly affirm the order under review. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.