OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed, with costs.
Plaintiffs’ lawyer in these two medical malpractice cases used the same process server in an attempt to start the actions by delivering copies of the summonses and complaints to employees at the defendant doctors’ offices. Subsequently, copies of the summonses and complaints were mailed to the doctors’ offices. Supreme Court granted defendants’ motions for summary judgment dismissing the actions for lack of personal jurisdiction. The Appellate Division affirmed, rejecting plaintiffs’ argument that service was effective under CPLR 308 (1) or, alternatively, under CPLR 308 (2) as amended in 1987.
Delivery of the summonses and complaints to employees of the defendant doctors did not effect authorized service under CPLR 308 (1). Its requirement that a summons be delivered “to the person, to be served” has been applied in accordance with its plain and literal language (Espy v Gior *958 lando, 85 AD2d 652, affd 56 NY2d 640, 642). In Espy, we found CPLR 308 (1) unsatisfied where delivery of a summons was made outside the presence of the defendant doctor to a nurse, who told the process server that she was authorized to accept service for the doctor. In the instant cases, as in Espy, delivery was made to employees of the doctors outside the doctors’ presence. Unlike Espy, there was no showing of a contemporaneous, express representation of authority. Inasmuch as we held in Espy that service is ineffective even when such a representation is made, the case for refusing "to extend the clear and unambiguous meaning of CPLR 308 (subd 1)” is more compelling here (Espy v Giorlando, 56 NY2d, supra, at 642).
Plaintiffs, nevertheless, advance an argument sounding in estoppel, based on the process server’s statement that he had served doctors in the defendants’ medical group on at least 15 prior occasions by delivering summonses to their office employees. He claims that the unnamed employees told him at some unspecified time that the doctors would not come to the waiting room to accept service or allow a process server in their offices or examining rooms, and that "under such circumstances” they were authorized to accept service. We are unpersuaded by this argument, which we decided not to reach in Macchia v Russo (67 NY2d 592, 594-595). An exception to CPLR 308 (l)’s plain requirement should not be added by the court even when a process server claims to act on an express or implied misrepresentation of specific authority from "the person to be served”.
Service of process is carefully prescribed by the Legislature, which affords litigants ample methods for serving natural persons. Regularity of process, certainty and reliability for all litigants and for the courts are highly desirable objectives to avoid generating collateral disputes (see, McDonald v Ames Supply Co., 22 NY2d 111, 116). These objectives are served by adherence to the statute and disserved by judicially engrafted exceptions to CPLR 308 (1) (CPLR 308 [2]; see also, Macchia v Russo, supra, at 594; duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797).
Plaintiffs alternatively urge that the 1987 amendment to CPLR 308 (2) should be retroactively applied to validate their purported service of process. In 1986, when plaintiffs attempted to commence these actions, CPLR 308 (2) provided that a summons could be served by delivering it to a person of suitable age and discretion at the actual place of business, *959 dwelling place or usual place of abode of the person to be served, followed by mailing another copy of the summons to his or her last known residence. Plaintiffs concede that they did not mail copies of the summonses and complaints to defendants’ residences. They urge us to apply the 1987 amendment to CPLR 308 (2), which permits mailing to either a defendant’s last known residence or actual place of business.
Statutes are generally applied prospectively in the absence of express or necessarily implied language allowing retroactive effect (McKinney’s Cons Laws of NY, Book 1, Statutes §51 [b]). Rather than clear legislative expression permitting retroactive application of the 1987 amendment to CPLR 308 (2), the Legislature expressly provided it “shall take effect on the thirtieth day after it shall have become a law” (L 1987, ch 115, § 2). We therefore agree with the Appellate Division that retroactive application is not available to “cure” defective service in actions “commenced” before the remedial procedural amendment became law. In any event, the records in these cases do not indicate that plaintiffs met the technical prescriptions of CPLR 308 (2), even as amended.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
In each case: Order affirmed, with costs, in a memorandum.