■ LAUREN CARUSO, Respondent, v RAGHAVA RAJU, Appellant. [670 NYS2d 917] —In an action to recover damages for medical malpractice, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated April 2, 1997, as, upon granting his motion to extend the time to answer the complaint, determined that his affirmative defense of lack of personal jurisdiction is without merit.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the defendant's affirmative defense of lack of personal jurisdiction is reinstated, and, upon searching the record, the complaint is dismissed.

The defendant raised the affirmative defense of lack of personal jurisdiction in his motion to extend the time to answer the complaint (see, e.g., *Mujica v Pena*, 131 AD2d 649; *Lindo v Evans*, 98 AD2d 765), and the plaintiff opposed the defendant's arguments in detail, submitting, *inter alia*, an affidavit from her process server. The plaintiff's process server made it clear that he had believed that the defendant was a professional corporation and that he accordingly served the defendant's office manager, who had represented that the defendant was too busy with patients to accept service personally. It is not disputed on this appeal that the defendant was *not* a profes-

sional corporation and that no second copy of the summons and complaint was ever mailed to him.

Personal service upon a natural person is governed by CPLR 308 (1) and (2) (CPLR 308 [3] is not at issue here). By handing process to the defendant's office manager, the plaintiff's process server did not effectuate authorized service under CPLR 308 (1) (*see, e.g., Dorfman v Leidner*, 76 NY2d 956; *see also, Macchia v Russo*, 67 NY2d 592). In addition, because the plaintiff admits that she never mailed a second copy of the summons and complaint to the defendant, she did not effectuate personal service on a person of suitable age and discretion pursuant to CPLR 308 (2).

Because the court lacks jurisdiction over the defendant, the complaint must be dismissed. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.