OPINION OF THE COURT
Rolando T. Acosta, J.
Defendant moves for an order dismissing the action pursuant to CPLR 3211 (a) (8) upon the ground that he was not properly served under CPLR 308 (1), and that therefore the court lacks personal jurisdiction. The motion requires the court to decide whether personal delivery service under CPLR 308 (1) may be satisfied where the plaintiff, attempting to personally deliver a summons to a defendant doctor, serves someone else in the doctor’s office who claims to be the doctor but who, as it turns out, is actually an employee of the doctor. That question was expressly left open by the Court of Appeals in Macchia v Russo (67 NY2d 592 [1986]), and not directly decided by the Court of Appeals in Dorfman v Leidner (76 NY2d 956 [1990]).
The. motion also requires the court to decide whether defendant’s objection to personal jurisdiction was effectively waived, pursuant to CPLR 320, by defendant’s preanswer CPLR article 85 motion for security for costs to be posted by plaintiff, a foreign corporation not licensed to do business in the State (see, CPLR 8501, 8502), since defendant did not contemporaneously object to personal jurisdiction.
The Facts and the Motion to Dismiss
Defendant moves for an order dismissing the action pursuant to CPLR 3211 (a) (8) upon the ground that the court does not have personal jurisdiction over defendant because defendant was never properly served. Defendant, a male doctor, states that he was never served with the summons and complaint, and submits the affidavits of his only two female employees, both of whom allege that they were never served with the summons. The affidavit of service provided by plaintiff alleges that the summons and complaint was personally delivered to defendant at defendant’s medical office, but describes the person served as a “female.” Since the plaintiff’s own affidavit *831 of service unequivocally demonstrates that the summons was never personally delivered to defendant, defendant argues that the action must be dismissed.
Plaintiff opposes the motion. Although plaintiff now concedes that the summons was never personally delivered to defendant himself, plaintiff contends that service was nevertheless proper because the female employee who the process server did serve claimed that she was “Dr. Haddad.” According to plaintiff, this misrepresentation by defendant’s employee as to identity, which had occurred on prior occasions in unrelated matters, bars defendant from arguing, presumably pursuant to estoppel principles, that he was not personally served under CPLR 308 (1). Plaintiff does not allege, however, that defendant was present when the misrepresentations were made or when the summons was delivered to the wrong person. Nor does plaintiff submit any evidence to demonstrate that defendant knew of the misrepresentations.
Further, plaintiff argues that in any event defendant waived any objection to personal jurisdiction by virtue of CPLR 320 (b) because defendant appeared in the action by moving for an order pursuant to CPLR 8501 (a) and CCA 1900, directing plaintiff to furnish security for costs, plaintiff being a foreign corporation. According to plaintiff, defendant’s making of that motion without an accompanying, contemporaneous objection to personal jurisdiction constituted an appearance sufficient to submit to the personal jurisdiction of the court since that motion “ha[d] the effect of extending the time to answer” under CPLR 320 (a). Plaintiff also contends that even if the motion does not constitute a formal appearance under CPLR 320, the motion constituted an informal appearance which conferred jurisdiction over defendant.
In reply, defendant denies that his employee misrepresented that she was “Dr. Haddad.” Defendant also disputes plaintiff’s contention that by making the article 85 motion, defendant submitted to the personal jurisdiction of the court and waived any objection to jurisdiction which he may have had.
Personal Delivery (CPLR 308 [1])
Personal service of a summons upon a natural person may be accomplished by various methods authorized by CPLR 308. One of the methods of personal service is known as “in-hand service” or “personal delivery,” which is accomplished “by delivering the summons within the state to the person to be served.” (CPLR 308 [1].)
*832 Because the meaning of the foregoing subdivision is “clear and unambiguous” (Espy v Giorlando, 56 NY2d 640, 642 [1982]), courts have applied the provision “in accordance with its plain and literal language,” refusing to adopt “judicially engrafted exceptions” thereto. (Dorfman v Leidner, 76 NY2d 956, 957, 958 [1990], supra, citing Macchia v Russo, 67 NY2d 592, 594 [1986], supra.) Strict compliance with the statutory requirements is necessary to “avoid generating collateral disputes,” and to advance the goal of “[r]egularity of process, [and] certainty and reliability for all litigants and for the courts.” (Dorfman v Leidner, supra, 76 NY2d, at 958.)
Thus, courts have dismissed complaints for lack of personal jurisdiction where the plaintiff, attempting service pursuant to CPLR 308 (1), serves someone other than “the person to be served,” even where the other person immediately redelivers the summons to the defendant (Macchia v Russo, supra, 67 NY2d, at 594), or claims that “the person to be served” expressly or impliedly authorized him or her to accept service on behalf of the defendant (Dorfman v Leidner, supra, 76 NY2d, at 957-958; Espy v Giorlando, supra, 56 NY2d, at 642, affg 85 AD2d 652 [2d Dept 1981]). Indeed, the Court of Appeals in Dorfman v Leidner (supra, 76 NY2d, at 958) specifically held that “[a]n exception to CPLR 308 (1)’s plain requirement should not be added by the court even when a process server claims to act on an express or implied misrepresentation of specific authority from ‘the person to be served.’”
Significantly, the only recognized exception to the strict requirement of delivery to the “person to be served” is where “the person to be served” is himself clearly attempting to resist or evade service and consequently the summons is left in close proximity to the person to be served (McDonald v Ames Supply Co., 22 NY2d 111, 115 [1968]), or near the door which the “person to be served” refused to open (Patane v Romeo, 235 AD2d 649 [3d Dept 1997]; Ellenbogen & Goldstein v Brandes, 215 AD2d 226 [1st Dept 1995]; Spector v Berman, 119 AD2d 565, 566 [2d Dept 1986]; see generally, Bossuk v Steinberg, 58 NY2d 916, 918 [1983]; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:l, at 301 [“(w)hen the defendant makes a canonical service impossible, the courts will apparently relax the requirements of CPLR 308(1)”]).
Here, plaintiff admits that it did not strictly comply with the “plain and literal language” of CPLR 308 (1) since it clearly did not “deliver [] the summons * * * to the person to be served.” *833 Nevertheless, plaintiff argues that service should be sustained because plaintiff served someone who represented herself as “the person to be served.” According to plaintiff, this alleged factual misrepresentation, behind which defendant is attempting to “hide,” distinguishes the case of Dorfman v Leidner (supra, 76 NY2d, at 958) sufficiently to warrant a different result.
The court agrees that Dorfman (supra) is not directly on point given the particular factual allegations made here, which the court will credit for the purposes of deciding this motion.* The misrepresentation made in Dorfman (and Espy v Giorlando, supra, 56 NY2d, at 642) regarding the employee’s alleged authority to accept service on behalf of the “person to be served” is indeed qualitatively different than the alleged misrepresentation made here regarding the actual identity of the “person to be served.” The obvious difference is that the process server acting upon a misrepresentation as to authority is well aware that he or she is not actually delivering the summons to the “person to be served.” The process server’s (and plaintiffs) mistake is in misapprehending the scope of 308 (1), and refraining from duly invoking CPLR 308 (2), the alternative to CPLR 308 (1), by mailing a copy of the summons following delivery. (See, Dorfman v Leidner, supra, 76 NY2d, at 957-958; Macchia v Russo, supra, 67 NY2d, at 594.)
The process server acting upon a misrepresentation as to actual identity, on the other hand, is unaware that he is not delivering the summons to the “person to be served.” On the contrary, the process server presumably believes that he is delivering the summons to the person to be served, and thus his mistake is in understandably misapprehending the facts. Because he believes he has served the correct person, there is no apparent reason to complete a mailing under CPLR 308 (2).
The misrepresentation as to identity, unlike the misrepresentation as to authority, is probative, but not because it demonstrates the “reasonableness” of the process server in relying upon the misrepresentation — a factor which generally is not relevant in considering the propriety of service under *834 CPLR 308 (1). (See, Macchia v Russo, supra, 67 NY2d, at 594.) Instead, such a misrepresentation is probative because it potentially bespeaks an intent to evade or refuse service, and thus may fall within the narrow exception to the otherwise strict requirement of CPLR 308 (1).
Although plaintiff is correct that Dorfman (supra) is not controlling in this case, the court nevertheless finds that the alleged misrepresentation of the defendant’s employee alone is insufficient to bring this case within the narrow exception of CPLR 308 (1), since plaintiff does not allege that defendant was present when the misrepresentations were made or when the summons was delivered to the wrong person. Nor does plaintiff submit any other evidence to demonstrate that defendant knew of the misrepresentations. Because there is no evidence that defendant himself deliberately attempted to resist or evade service of the summons in this case, plaintiff cannot rely upon the limited exception to the strict requirement of CPLR 308 (1) to sustain service.
Indeed, in two cases decided prior to Dorfman (supra), the Appellate Division refused to sustain service under CPLR 308 (1) where the plaintiff delivered a summons to a third person who allegedly misrepresented that he was the “person to be served,” precisely because there was no evidence that the actual defendant was aware of the misrepresentation. (Caudle v Adler, 146 AD2d 598, 599 [2d Dept 1989]; Phi Sigma Phi Sorority v Simons, 137 AD2d 873, 874 [3d Dept 1988].) In Caudle (supra, at 599), the Court specifically found that given the lack of awareness of the misrepresentation as to identity, there was “no evidence that the defendant sought to evade service.”
The awareness component of the attempt-to-evade exception is grounded upon the familiar principle that proof of “a refusal to accept service requires some type of affirmative act by the defendant, which evidences a deliberate attempt to resist service.” (Matter of McCarthy, 168 Misc 2d 874, 877 [Sup Ct, Queens County 1996]; see, Bossuk v Steinberg, supra, 58 NY2d, at 918 [under CPLR 308 (1), “if the person to be served interposes a door between himself and the process server, the latter may leave the summons outside the door, provided the person to be served is made aware that he is doing so” (emphasis added)].)
In Caudle (supra, 146 AD2d, at 599) and Phi Sigma Phi Sorority v Simons (supra, 137 AD2d, at 874), both decided prior to Dorfman (supra), the Appellate Division assumed, *835 without deciding, that proof of a knowing misrepresentation as to identity would be sufficient to sustain service under CPLR 308 (1). Although the propriety of that generous assumption is even less certain following Dorfman, this court need not resolve that issue because in this case, as in Caudle and Phi Sigma Phi Sorority, there is clearly no evidence that defendant knew of the alleged misrepresentations made by defendant’s employee. Indeed, here, even assuming the truth of plaintiffs factual allegations, plaintiff has failed to establish that defendant himself did anything which evinces a deliberate attempt to resist service.
Accordingly, the court finds that plaintiff did not properly serve defendant under CPLR 308 (1). The only remaining question is whether defendant effectively submitted to the personal jurisdiction of the court by moving for security for costs without contemporaneously objecting to the court’s personal jurisdiction.
Waiver of Objection to Personal Jurisdiction (CPLR 320)
A defendant “appears” in an action, according to CPLR 320 (a) , “by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer.” Such an “appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under [CPLR 3211 (a) (8)] is asserted by motion or in the answer as provided in rule 3211.” (CPLR 320 [b] .)
A defendant may also confer personal jurisdiction upon the court by an “informal appearance,” which is made “when a defendant participates in the lawsuit as a genuine actor, thereby indicating his intention to submit to the court’s jurisdiction over the action.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:2, at 492.) In short, should a defendant fail to couple his or her appearance, formal or informal, with an objection to personal jurisdiction, the objection would be deemed waived and the defendant would be deemed to have submitted to the personal jurisdiction of the court.
Here, plaintiff contends that defendant waived any objection to personal jurisdiction which he may have had by moving, following service of the summons and complaint, for an order, pursuant to CPLR 8501 and CCA 1900, directing plaintiff to furnish security for costs on the ground that plaintiff is a foreign corporation not licensed to do business in the State of *836 New York. Plaintiff argues that the making of the foregoing motion constituted an “appearance” under CPLR 320 (a) because the “making [of the] motion * * * ha[d] the effect of extending the time to answer,” and in any event constituted an informal appearance inasmuch as the motion “sought to invoke the power of the Court” to compel the posting of security. Because defendant concededly did not couple his alleged appearance with an objection to personal jurisdiction, his objection was, according to plaintiff, effectively waived and the court’s jurisdiction effectively conferred.
Plaintiffs arguments are unavailing.
First, contrary to plaintiffs contention, the “making” of a motion pursuant to article 85 does not “ha[ve] the effect of extending the time to answer.” The actual language of CPLR 8502, the “stay” provision upon which plaintiff relies, provides, in pertinent part, that “[u]ntil security for costs is given pursuant to the order of the court, all proceedings * * * shall be stayed.”
Thus, the defendant’s time to answer is extended not by the making of the motion for security but by the virtue of the court’s issuance of an “order” directing the posting of costs and the stay continues “[u]ntil security for costs is given pursuant to the order.” (CPLR 8502; see, Hickory Indus. of Canada v Hickory Indus., 42 Misc 2d 709, 709-710 [Sup Ct, NY County 1964] [“An order for security for costs * * * results in a stay of proceedings” and “requires a readjustment of time elements,” including an extension of the time to answer (emphasis added)]; compare, CPLR 3211 [f] [service of motion to dismiss automatically extends defendant’s time to answer], and CPLR 3024 [c] [service of corrective motion automatically extends time to answer].)
Under these circumstances, defendant was not obliged to couple his article 85 motion with an objection to personal jurisdiction in order to preserve that objection. The court holds that defendant’s mere making of the motion for an article 85 order does not constitute an “appearance” under CPLR 320 (a) sufficient to confer personal jurisdiction upon the court.
Nor did the making of that preliminary motion constitute an informal appearance for the purposes of waiving an objection to personal jurisdiction. First, the article 85 motion here was served prior to the expiration of defendant’s time to answer. Thus, even if the making of the motion constitutes an informal appearance, such a preanswer appearance would not waive defendant’s subsequent objection to personal jurisdiction. (See, *837 Parrotta v Wolgin, 245 AD2d 872, 873 [3d Dept 1997]; Becker v Lesnick, 96 Misc 2d 819, 821-822 [Sup Ct, NY County 1978]; Mittelman v Mittelman, 45 Misc 2d 445, 448 [Sup Ct, Queens County 1965]; see also, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:2, at 492 [where the “substantial activity which constitutes the appearance occurs before the defendant’s time to answer expires, it does not deprive him of the right to object to jurisdiction”].) Defendant, of course, later did preserve his objection to personal jurisdiction by moving, prior to his answer, for an order, pursuant to CPLR 3211 (a) (8), dismissing the action for lack of personal jurisdiction. (See, CPLR 3211 [e].)
Furthermore, given the extraordinarily limited purpose and nature of an article 85 motion, the court finds that the making of such a motion is not a participation on the merits of the action sufficient to constitute an informal appearance. (Cf., Henderson v Henderson, 247 NY 428, 432-433 [1928]; Borak v Karwowski, 151 AD2d 454 [2d Dept 1989]; Taylor v Taylor, 64 AD2d 592 [1st Dept 1978].)
Instead, such a motion is more akin to preappearance activity intended “to discourage the commencement of lawsuits designed to harass rather than to redress a wrong” — which indeed is the intended purpose of article 85. (Dixie Dinettes v Schaller’s Furniture, 71 Misc 2d 102, 105 [Civ Ct, Kings County 1972] [emphasis added].) In this respect, defendant, by making the article 85 motion on the heels of the alleged service of the summons, was simply attempting to ensure that before he gets involved in this action with a foreign corporation, he “will be able to recover his statutory costs” in the event defendant prevails in the ensuing litigation. (Supra; see, Siegel, NY Prac § 414, at 672 [3d ed] [article 85 is ordinarily used “to make sure that if the nonresident loses the case he will not return home and leave the defendant with a costs judgment that can be enforced only in the plaintiffs home state”].)
Significantly, the article 85 motion did not address the merits of the action in the slightest manner. Indeed, such motions generally do not even generate a substantive dispute since the defendant is entitled to the posting of security “as of right” (where the plaintiff is a foreign corporation, not licensed to do business in the State), and may make the motion ex parte (see, CPLR 8501 [a]). Under these circumstances, it cannot be fairly said that the making of the article 85 motion constituted an informal appearance sufficient to operate as a submission to the personal jurisdiction of the court.
*838 In short, the court finds that defendant’s motion for an order directing plaintiff to furnish security for costs does not suffice as an appearance under CPLR 320 (a), or as an informal appearance, sufficient to operate as a waiver of personal jurisdiction.
One final point remains to be made. Because defendant’s time to answer was not automatically extended by his article 85 motion (the stay not having commenced until the court’s issuance of an order therefor — see, CPLR 8502), defendant’s motion to dismiss, which was served after the expiration of the time to answer, was untimely under CPLR 3211 (e). The court finds, however, that the lateness of the motion to dismiss was waived by plaintiff because plaintiff accepted, retained and opposed the motion, addressing the merits therein, and failed to ever raise an objection to the timeliness of the motion. (See, Adler v Gordon, 243 AD2d 365 [1st Dept 1997] [“Petitioners waived their right to contest late service of the motion to dismiss by opposing it on the merits”]; cf., Phillips v League for Hard of Hearing, 254 AD2d 181 [1st Dept 1998] [plaintiff’s retention of defendant’s late answer “without objection” for six weeks “constituted a waiver of any claim that the answer was not timely served”].)
Indeed, plaintiff’s waiver of an objection to timeliness is particularly inescapable here because plaintiff, far from complaining about the lateness, has affirmatively argued, albeit unsuccessfully (see, ante), the precise opposite — namely, that defendant’s answer (and, therefore, defendant’s motion) was not late since his time to answer was extended or stayed when defendant made his article 85 motion. Under these circumstances, the untimeliness of the motion to dismiss is deemed waived.
Conclusion
The court finds that the alleged personal delivery of the summons was insufficient under CPLR 308 (1), and that defendant’s objection to personal jurisdiction was not waived under CPLR 320. Accordingly, as the court previously ruled in a short order on January 13, 2000, defendant’s motion for an order dismissing the summons and complaint is granted pursuant to CPLR 3211 (a) (8). In light of this dismissal, the court need not determine whether plaintiff has the legal capacity to sue under Business Corporation Law § 1312 (a) and (b).

 The court recognizes that defendant strenuously denies that one of his employees (or former employees) misrepresented that she was “Dr. Haddad.” Although resolution of that factual dispute normally requires a fact-finding hearing, the court need not hold a traverse hearing in this case since the issue may be decided as a matter of law by assuming, without deciding, the truth of plaintiffs factual allegations.