151 Kingsland LLC v Kartsonis (2024 NY Slip Op 50326(U))

[*1]

151 Kingsland LLC v Kartsonis

2024 NY Slip Op 50326(U)

Decided on March 28, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2024
Supreme Court, Kings County

151 Kingsland LLC, Petitioner,

against
Bill Kartsonis, Respondent.

Index No. 537144/2023

The Yitzhak Law Group, Great Neck (Kunal Phatangare of counsel) for Petitioner.

Aaron D. Maslow, J.

The following numbered papers were used on this special proceeding petition: NYSCEF Document Numbers 1-6, 10-14.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within petition is determined as follows.
The petition in this special proceeding commenced on December 20, 2023, pursuant to Real Property Actions and Proceedings Law (RPAPL) § 1501 (4), seeks to have granted "Petitioner's declaratory judgment petition" (NYSCEF Doc No. 10, notice of petition), but in essence seeks a judgment cancelling and discharging certain mortgages.
Petitioner alleges that a prior owner of the premises located at 151 Kingsland Avenue, Brooklyn, New York, Nikolaos Govas, took out two mortgages totaling $65,000 in the years 2005 and 2006. Respondent Bill Kartsonis was the mortgagee. Since the purchase of the premises by Spiro Grigoropoulos and Albert Minxuri (title owners prior to Petitioner) in 2017, no payments were made toward the aforesaid mortgages. The Respondent's time to foreclose on [*2]the mortgages has expired — the six-year statute of limitations having lapsed — and the mortgages are unenforceable. Therefore, maintains Petitioner, it is entitled to a judgment canceling and discharging the subject mortgage pursuant to RPAPL § 1501 (4). (See generally NYSCEF Doc No. 1, petition.)
Said provision provides:
4. Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.
(RPAPL § 1501 [4].)
Respondent Bill Kartsonis has not interposed any answer to the petition and court records show no communication from him.
The two mortgages listed mortgagee Bill Kartsonis' address as 31-16 30 Avenue, Suite 304, Astoria, NY 11102 (see NYSCEF Doc No. 4, 2005 mortgage, NYSCEF Doc No. 5, 2006 mortgage). In its petition, Petitioner alleged that Respondent was still alive and his last known address was 66 Malba Drive, Whitestone, New York 11357 (see NYSCEF Doc No. 1, petition ¶ 8). Reference was made to a "skip trace," which was annexed an as an exhibit to the petition (see NYSCEF Doc No. 6, skip trace). This Court's review of the skip trace reveals that its derivation is undisclosed. Therefore, the Court is unable to assess its reliability. In any event, not only is the Whitestone address listed for the period of August 20, 2014-October 20, 2023, but so too is the Astoria one for the period of Nov. 17, 1995-October 2022 (see id.).
Petitioner submitted two affidavits of service of the notice of petition, petition, and supporting papers. One is contained in NYSCEF Document No. 13, and it discloses that Husam Al-Atrash made four attempts at delivery at the Whitestone address. During the first attempt, on January 9, 2024, a "Jane Doe" stated that Bill Kartsonis was unknown at the address and no further information was provided. On three further occasions when Mr. Al-Atrash attempted service at the location, there were no responses to his knocking on the door. Thereupon, at the last attempt, on February 24, 2024, he posted the documents to the door.
In a second affidavit of service, Flor Escalante attested to mailing the documents via first-class mail to Respondent at the Whitestone address on February 26, 2024 (see NYSCEF Doc No. 14, affidavit of service).
Concerning service of process it has been held as follows:
Service of process must be made in strict compliance with statutory "methods for [*3]effecting personal service upon a natural person" pursuant to CPLR 308 (Macchia v Russo, 67 NY2d 592, 594 [1986]; see Dorfman v Leidner, 76 NY2d 956, 958 [1990]). CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (CPLR 308 [1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (CPLR 308 [2]). Service pursuant to CPLR 308 (4), commonly known as "nail and mail" service, may be used only where service under CPLR 308 (1) or (2) cannot be made with "due diligence" (see Feinstein v Bergner, 48 NY2d 234, 239 [1979]; O'Connell v Post, 27 AD3d 630 [2006]; Simonovskaya v Olivo, 304 AD2d 553 [2003]; Rossetti v DeLaGarza, 117 AD2d 793 [1986]). Nail and mail service is effected "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person . . . at his or her actual place of business" (CPLR 308 [4]).
(Estate of Waterman v Jones, 46 AD3d 63, 65-66 [2d Dept 2007].)
It must be emphasized that CPLR 308 (4) speaks in terms of "the actual place of business, dwelling place or usual place of abode." Other than the Petitioner's conclusory statement that Respondent was still alive and his last known residence was at the Whitestone address, with the reference to the attached skip trace exhibit (see NYSCEF Doc No. 1, petition at ¶ 8), there is nothing in the submitted record from Petitioner to establish the actual place of business, dwelling place or usual place of abode of Respondent. In connection with the identification of a suitable location to serve someone with process, it has been held:
Significantly, the affidavit of service does not describe any efforts to ascertain the defendant's whereabouts, dwelling place, or place of abode (see Sanders v Elie, 29 AD3d at 774; Earle v Valente, 302 AD2d at 353). Indeed, there is no indication that the process server made any inquiries to the commercial neighbors, checked telephone listings, or conducted any search with the Department of Motor Vehicles to determine the defendant's residential address (see Kurlander v A Big Stam, Corp., 267 AD2d at 210; Busler v Corbett, 259 AD2d at 15; McCaslin v Peterson, 13 Misc 3d 1206[A], 2005 NY Slip Op 52315[U] [2005], affd 23 AD3d 1028 [2005]). Moreover, although the process server observed that the place of business was closed, locked, without a doorbell, and without an answering service, he nonetheless mailed the papers to that address notwithstanding the fact that CPLR 308 (4) also authorized him to mail the papers to the defendant's last known residence.
(Estate of Waterman v Jones, 46 AD3d at 67.)
A process server must make genuine inquiries about the defendant's whereabouts and place of employment as part of the due diligence requirement before effectuating "affix-and-mail"[FN1]
service (see Faruk v Dawn, 162 AD3d 744 [2d Dept 2018]; McSorley v Spear, 50 AD3d [*4]652 [2d Dept 2008]). If "[t]he process server also described the means she used to verify the defendant's residential address (Nationstar Mortgage, LLC v Dekom, 161 AD3d 995, 996 [2d Dept]), service via affix-and-mail is properly made upon due diligence.
This Court finds that due diligence in identifying Respondent's actual place of business, dwelling place or usual place of abode did not take place. Initially, the source of information for the skip trace data was not provided by Petitioner. Second, the only effort at utilizing the skip trace data was attempted service at the Whitestone address. Considering that the skip trace data stated that Respondent was 89 years old and that the Jane Doe at the Whitestone address said that Respondent was unknown there, it behooved Petitioner or the process server to make further inquiry. The skip trace itself identified Bill Kartsonis as having had a business license at the Astoria address listed on the mortgages; a visit to that location should have been undertaken at a minimum. Moreover the skip trace identified several phone numbers and the names of possible relatives; no effort was made to utilize this information to probe further into Respondent's whereabouts. There has been no showing of any search of public records, such as Department of Motor Vehicles or Board or Elections registration records. No statement concerning Respondent's military status was set forth by the process server. With Respondent ostensibly being 89, certainly publicly available death records should have been consulted. On the basis of the minimal efforts toward due diligence, this Court finds that they were insufficient.
In the absence of due diligence having taken place prior to affix-and-mail service being utilized, the petition in this special proceeding is DENIED without prejudice to recommencing via order-to-show cause. If a special proceeding is indeed recommenced, Petitioner shall include this decision, order, and judgment as an exhibit and shall relate in an affidavit the efforts made to identify the whereabouts of Respondent in order for suitable modes of service to be prescribed in the order to show cause.
IT IS SO ORDERED AND ADJUDGED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. This is also known as "nail-and-mail."