737 S.E.2d 291

Dawn Colette BLAND and Autumn Nicole Bland, Wife and Infant Daughter of Douglas Wayne Bland; Trooper Robert Joseph Elswick; Trooper Michael David Lynch; Trooper Timothy Lane Bragg; Trooper Christopher Lee Casto; Trooper Shawn Michael Coleman; Trooper Jeffrey Lealton Cooper; Trooper Brad Lee Mankins; Trooper Christopher Adam Parsons; Trooper Roger Dale Boone; Trooper Steven P. Owens; and Trooper Adam Wilson Scott, and all others similarly situated, Plaintiffs Below, Petitioners

v.

STATE of West Virginia; West Virginia State Police Retirement System; West Virginia Consolidated Public Retirement Board, a West Virginia State Agency and Public Corporate Body; West Virginia Public Employees Retirement System, a West Virginia State Agency and Public Corporate Body; Terasa L. Miller, Acting Executive Director of West Virginia Consolidated Public Retirement Board; and West Virginia State Police, a West Virginia State Agency and Public Corporate Body, Defendants Below, Respondents.

Dawn Colette Bland and Autumn Nicole Bland, Wife and Infant Daughter of Douglas Wayne Bland; Trooper Robert Joseph Elswick; Trooper Michael David Lynch; Trooper Timothy Lane Bragg; Trooper Christopher Lee Casto; Trooper Shawn Michael Coleman; Trooper Jeffrey Lealton Cooper; Trooper Brad Lee Mankins; Trooper Christopher Adam Parsons; Trooper Roger Dale Boone; Trooper Steven P. Owens; and Trooper Adam Wilson Scott, and all others similarly Situated, Plaintiffs Below, Petitioners

v.

West Virginia State Police, Defendant Below, Respondent.

Dawn Colette Bland and Autumn Nicole Bland, Wife and Infant Daughter of Douglas Wayne Bland; Trooper Robert Joseph Elswick; Trooper Michael David Lynch; Trooper Timothy Lane Bragg; Trooper Christopher Lee Casto; Trooper Jeffrey Lealton Cooper; Trooper Brad Lee Mankins; Trooper Roger Dale Boone; Trooper Steven P. Owens; and Trooper Adam Wilson Scott, Plaintiffs Below, Petitioners

v.

State of West Virginia; West Virginia State Police Retirement System; West Virginia Consolidated Public Retirement Board, A West Virginia State Agency and Public Corporate Body; West Virginia Public Employees Retirement System, A West Virginia State Agency and Public Corporate Body; Terasa L. Miller, Acting Executive Director of West Virginia Consolidated Public Retirement Board; and West Virginia State Police, A West Virginia State Agency and Public Corporate Body, Defendants Below, Respondents.

Nos. 11–0746, 11–0747, 11–1146.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 26, 2012.

Decided Nov. 21, 2012.

Marvin W. Masters, Esq., The Masters Law Firm LC, Charleston, WV, for Petitioners.

Thomas S. Sweeney, Esq., E. Taylor George, Esq., MacCorkle Lavender & Sweeney, Charleston, WV, for Respondents State

of West Virginia, West Virginia State Police Retirement System, West Virginia Consolidated Public Retirement Board, West Virginia Public Employees Retirement System, and Terasa L. Miller.

Wendy E. Greve, Esq., Gary E. Pullin, Esq., Pullin, Fowler, Flanagan, Brown & Poe, PLLC, Charleston, WV, for Respondent West Virginia State Police.

PER CURIAM:

On appeal before this Court are consolidated appeals of three separate final orders of the Circuit Court of Kanawha County.

In case number 11–0476, the petitioners, who are state troopers or their survivors, appeal the March 30, 2011, order of the Circuit Court of Kanawha County that dismissed with prejudice the petitioners' complaint alleging they were placed in the wrong retirement plan against Respondents West Virginia Consolidated Public Retirement Board ("the Retirement Board"); Terasa L. Miller, acting executive director of the West Virginia Consolidated Public Retirement Board ("Director Miller"); the State of West Virginia; the West Virginia State Police Retirement System; and the West Virginia Public Employees Retirement System ("PERS").

In case number 11–0477, the petitioners appeal the March 30, 2011, order of the Circuit Court of Kanawha County that granted summary judgment in favor of Respondent West Virginia State Police in the petitioners' claim that the State Police, during the recruitment of the petitioners, misrepresented which retirement plan the petitioners would be placed in upon their employment as state troopers.

Finally, in case number 11–1146, the petitioners appeal the June 29, 2011, order of the Circuit Court of Kanawha County that denied the petitioners' motion, made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, for relief from the circuit court's March 30, 2011, order dismissing the

complaint against the Retirement Board, Director Miller, the State of West Virginia, PERS, and the State Police Retirement System.

After considering the parties' arguments and the appendix filed with this Court, and upon application of the relevant law, for the reasons set forth below, this Court affirms the circuit court's March 30, 2011, order that dismissed all of the respondents except the State Police; the March 30, 2011, order that granted summary judgment on behalf of the State Police; and the June 29, 2011, order that denied the petitioners' Rule 60(b) motion.

## I. FACTS

According to the petitioners, they are members, or dependents of members, of the 42nd, 43rd, 44th, and 45th cadet classes of the respondent West Virginia State Police.[1] The petitioners allege that they became employed by the State Police in the belief that they would be enrolled in a benefit and retirement plan known as the West Virginia State Police Death, Disability and Retirement Fund ("Plan A") that would provide certain established benefits. However, they were actually enrolled in a plan known as the West Virginia State Police Retirement System ("Plan B") that, according to the petitioners, provides significantly fewer benefits.

In December 2001, the petitioners commenced an administrative proceeding with the Retirement Board seeking participation in Plan A. Originally, the Retirement Board members voted to grant the petitioners' requested relief and directed that they be placed in Plan A. However, shortly thereafter, the Retirement Board voted to reconsider its decision and directed the hearing officer to conduct individual hearings for each of the petitioners.

The petitioners thereafter filed a petition for a writ of mandamus in the Circuit Court of Kanawha County requesting that the court

1. Each of the members of the 42nd cadet class was employed by the Division of Public Safety no earlier than September 11, 1994; each of the members of the 43rd cadet class was employed no earlier than May 15, 1995; each of the mem-

bers of the 44th cadet class was employed no earlier than October 16, 1995; and each of the members of the 45th cadet class was employed no earlier than November 3, 1996.

direct the Retirement Board to transfer the petitioners to Plan A. The petitioners asserted that the Retirement Board had a non-discretionary, ministerial duty to carry out its original decision to transfer the petitioners to Plan A. The petitioners also alleged that the Retirement Board did not have the power to reconsider its original decision. In response, the Retirement Board filed a motion to dismiss the petitioners' mandamus action pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

By order of November 17, 2004, the circuit court granted the Retirement Board's motion to dismiss. The court found that the original decision to transfer the state troopers into Plan A did not constitute a final order which divested the Retirement Board of jurisdiction over the matter or the power to reconsider its original action. The court reasoned that the Retirement Board's original decision was never finalized by the issuance of a written final order containing requisite findings of fact, conclusions of law, and supporting rationale as contemplated by the Administrative Procedures Act. This Court refused the petitioners' appeal of the November 17, 2004, order.

After several hearings with individual petitioners, the hearing officer for the Retirement Board recommended the denial of the petitioners' placement into Plan A. The Retirement Board subsequently adopted this decision in its final order of May 18, 2006.

The petitioners appealed the administrative decision to the Kanawha County Circuit Court. After a hearing, the court directed counsel for all parties to file cross motions for summary judgment. By order entered on November 20, 2008, the circuit court granted the respondents' motion for summary judgment and denied the petitioners' motion for summary judgment. This Court subsequently refused the petition for appeal of the circuit court's order filed by the petitioners.

The instant case commenced on January 2, 2007, when the petitioners filed a civil action against the respondents in the Circuit Court of Kanawha County. The case was stayed pending the resolution of the administrative appeal. The petitioners ultimately filed an amended complaint in March 2011, in which they asserted several causes of action. Against Respondents Retirement Board, Director Miller, State of West Virginia, PERS, and State Police Retirement System, the petitioners alleged breach of contract, misrepresentation, detrimental reliance, and denial of procedural due process. Specifically, the petitioners alleged that the Retirement Board misrepresented the petitioners' retirement benefits, deprived the petitioners of their constitutional rights by placing them in Plan B, and failed to accurately inform or advise the petitioners of the benefits or years of service required to qualify for benefits. The petitioners also alleged that Director Miller breached her duty to implement the Retirement Board's original decision to transfer the petitioners to Plan A. Against Respondent State Police, the petitioners asserted negligence, misrepresentation, fraud, and violation of their constitutional rights. According to the petitioners, the State Police misrepresented the petitioners' retirement benefits in the recruitment process. In addition to monetary damages, the petitioners sought to compel certain of the respondents to bring an action to enforce the funding requirements for the troopers' pension fund, to compel respondents to place the petitioners under Plan A, and for class certification.

By order dated March 30, 2011, the circuit court dismissed with prejudice the petitioners' complaint against the Retirement Board, Director Miller, the State of West Virginia, the State Police Retirement System, and PERS. In a separate order entered on March 30, 2011, the court granted the State Police's motion for summary judgment.

The petitioners subsequently filed a motion under Rule 60(b) of the Rules of Civil Procedure in which they asked the circuit court to amend its March 30, 2011, order that dismissed the petitioners' complaint against the Retirement Board, Director Miller, the State of West Virginia, the State Police Retirement System, and PERS. The petitioners also requested the circuit court to enter a default against these respondents for untimely filing their motions to dismiss or amended motions to dismiss without leave of the circuit court. In an order entered on June 29, 2011, the

circuit court denied the petitioners' Rule 60(b) motion.

The petitioners now appeal the March 30, 2011, dismissal order; the March 30, 2011, order granting summary judgment on behalf of the State Police; and the June 29, 2011, order of the circuit court.

## II. STANDARD OF REVIEW

The petitioners first appeal the circuit court's March 30, 2011, order dismissing the complaint against all of the respondents except the State Police. This Court has held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995). The petitioners also appeal the circuit court's March 30, 2011, order that granted summary judgment on behalf of the State Police. As this Court has stated numerous times, "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Finally, this Court's standard of reviewing the June 29, 2011, order that denied Rule 60(b) relief to the petitioners will be addressed in our discussion of the appeal of that order in section III. C. of this opinion.

## III. DISCUSSION

### A. Case No. 11–0746

1. Dismissal of Complaint Against Retirement Board and Director Miller Based on Collateral Estoppel

In case number 11–0746, the petitioners appeal the circuit court's order that dismissed the petitioners' complaint against the Retirement Board, Director Miller, the State of West Virginia, the State Police Retirement System, and PERS.

■■■ This Court first will address the petitioners' argument that the circuit court erred in dismissing the Retirement Board and Director Miller based on collateral estop-

pel.[2] We previously have recognized that "[u]nder the doctrine of collateral estoppel ... the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Conley v. Spillers*, 171 W.Va. 584, 589, 301 S.E.2d 216, 220 (1983), *quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649, n. 5, 58 L.Ed.2d 552, 559 n. 5 (1979). The elements of collateral estoppel are as follows:

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. pt. 1, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). We will now apply these four conditions to the matter before us.

The circuit court in the instant case based its finding of collateral estoppel on two previous circuit court orders—the November 17, 2004, order of the Circuit Court of Kanawha County that dismissed a mandamus action filed by the petitioners and the November 20, 2008, order of the Circuit Court of Kanawha County that granted summary judgment on behalf of the Retirement Board and its officers in the petitioners' appeal of the Retirement Board decision. We will first address the circuit court's determination that certain issues raised by the petitioners in the instant case are precluded by the November 17, 2004, order.

In their amended complaint in the present case, the petitioners set forth the following allegations against the Retirement Board:

> 92. The Board was without jurisdiction and authority to reconsider its November 13, 2002 decision on January 22, 2003.

---

2. The circuit court dismissed the complaint against the Retirement Board and Director Miller based on both *res judicata* and collateral estoppel. Because the parties in their arguments below focused on the doctrine of collateral estoppel, this Court will limit its discussion to collateral estoppel in this opinion.

93. The Board's January 22, 2003 decision is void as a matter of law.

94. Defendant Miller had a clear duty to implement the Board's November 13, 2002 decision.

This Court finds that the petitioners are collaterally estopped from again raising these issues in the instant case because these issues were decided in the November 17, 2004, order of the circuit court.

In their petition for a writ of mandamus filed in the circuit court in November 2003, the petitioners averred that the Retirement Board was without jurisdiction and authority to reconsider its November 13, 2002, decision to transfer the petitioners into Plan A, so that the Retirement Board's January 22, 2003, reconsideration of that issue is void as a matter of law. The Petitioners further complained in their petition for a writ of mandamus that the executive directors of the Retirement Board failed, prior to January 22, 2003, to cause the petitioners to be transferred into Plan A from Plan B in accordance with the Retirement Board's November 13, 2002 directive. Accordingly, the petitioners sought a writ compelling the Retirement Board to transfer them from Plan B into Plan A. In response, the Retirement Board and its officers filed a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

In its order granting the Retirement Board's motion to dismiss, the circuit court found:

The Board's actions of November 13, 2002, whereby a majority of the Board voted to reject the Hearing Officer's recommended decision regarding the Petitioner's right to participate in Trooper Plan B did *not* constitute a final order or decision such as would divest the Board of jurisdiction over the matter, or of the power to reconsider the propriety of its own prior action. Until such time as a final order within the meaning of West Virginia's Administrative Procedures Act was issued, the Board was wholly within its power and authority to review, reconsider and vacate its earlier action.

Furthermore, under West Virginia's Administrative Procedure [sic] Act, a final order or decision must, among other things, be accompanied by findings of fact and conclusions of law. . . .

In the underlying administrative action, the Board's initial November 13, 2002, vote which rejected the hearing officer's recommended decision was not in writing; further there were no findings of fact or conclusions of law clearly stated in the record of that meeting.

Although Petitioners have consistently attempted to characterize the vote taken by the Board at the November 13, 2002 meeting as a "final" decision, the Board's action at that meeting was never finalized by the issuance of a written final order containing the requisite findings of fact, conclusions of law and supporting rationale which is contemplated and required by West Virginia Administrative Procedures Act and the judicial decisions which have considered it.

Thus, for the reason(s) set forth herein, it is hereby ORDERED that the Defendants' Motion to Dismiss is GRANTED.

(Citations omitted).

This Court finds that the issues of whether the Retirement Board's January 23, 2003, decision is void, and of whether Director Miller had a clear duty to implement the Retirement Board's November 13, 2002, decision were both previously decided by the circuit court in its November 17, 2004, order. We further find that the circuit court's November 17, 2004, order was a final adjudication on the merits of that proceeding; the petitioners were parties to that prior proceeding; and the petitioners had a full and fair opportunity to litigate those issues before the circuit court in the prior proceeding. Therefore, we find that the petitioners are collaterally estopped from again raising those issues in the instant case.

■ We next address the circuit court's determination that the remaining claims against the Retirement Board and Director Miller are precluded by the issues decided in the November 20, 2008, order of the Circuit Court of Kanawha County. The petitioners posit that collateral estoppel cannot attach to the November 20, 2008, order, because that

order involved an administrative appeal of a decision of the Retirement Board.[3] According to the petitioners, they did not have a full and fair opportunity to litigate any of the claims they have brought in the instant case before the Retirement Board because the Retirement Board does not decide tort issues, the Retirement Board's procedures are different than those of a circuit court, the issues are not identical, and the petitioners seek different relief in the instant case.

In the petitioners' complaint in the instant case, they also alleged the following against the Retirement Board:

5. Plaintiffs and each of them relied on the representations of the West Virginia Retirement Board and/or the West Virginia State Police in agreeing to quit their jobs and/or other careers, and other educational opportunities in order to accept a contract of employment with the West Virginia State Police.

\* \* \*

10. The Retirement Board's decision to place plaintiffs in Plan B Retirement is a deprivation of plaintiffs' Constitutional rights in that the course of conduct treats plaintiffs substantially different from others of the same class and it deprives them of their property rights.

\* \* \*

40. The [Retirement] Board had and has the responsibility and duty to inform applicants and employees as to the retirement benefits which each employee is entitled to receive based upon employment with the West Virginia State Police.

41. In particular, the Board had the responsibility to review and advise plaintiffs and the class that their contribution rates and years of service would entitle them to certain benefits and minimum years of service which would entitle them to an annuity after retirement as to disability or death benefits.

42. Defendant Board failed to accurately inform or advise plaintiffs of the benefits or years of service required to qualify for benefits.

These same issues were raised by the petitioners in their appeal to the circuit court of the Retirement Board's decision. Specifically, in their June 23, 2008, "Second Supplemental Petition For Appeal," the petitioners alleged the following:

221. The Board had and has the responsibility and duty to inform applicants and employees as to the retirement benefits which each employee is entitled to receive based upon employment with the West Virginia State Police.

222. In particular, the Board had the responsibility to review and advise petitioners that their contribution rates and years of service would entitle them to certain benefits and minimum years of service which would entitle them to an annuity after retirement as to disability or death benefits.

223. Respondent Board failed to accurately inform or advise petitioners of the benefits or years of service required to qualify for benefits.

\* \* \*

3. The proper standard of circuit court review of an agency decision under the State Administrative Procedures Act is set forth, in part, in W. Va.Code § 29A–5–4 (1998) as follows:

(f) The review shall be conducted by the court without a jury and shall be upon the record made before the agency, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken before the court. The court may hear oral arguments and require written briefs.

(g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the

substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

237. Petitioners' inclusion in Plan B retirement, and their exclusion from Plan A retirement, violates the West Virginia Constitution in the following ways:

 a. It is an unconstitutional impairment of the State of West Virginia's contract obligations to the petitioners because the petitioners substantially relied to their detriment on receiving Plan A benefits;

 b. It is an unconstitutional violation of the petitioners' equal protection and due process rights because the petitioners work side-by-side with other West Virginia State Troopers who receive Plan A benefits, and there is no rational basis for the petitioners receiving a lesser benefit package; and

 c. The creation of Plan B is unconstitutional special legislation.

238. In addition to reasons discussed above, the petitioners should be included in Plan A on the basis of promissory estoppel because they reasonably relied to their detriment on their inclusion in Plan A.

After the parties filed cross-motions for summary judgment in the petitioners' appeal of the Retirement Board's decision, the circuit court granted the motion for summary judgment filed by the Retirement Board and its executive officers and denied the petitioners' motion for summary judgment. In doing so, the circuit court made the following conclusions of law on which its order is based:

 7.) ... Petitioners assert that they have a constitutionally protected property interest in Plan A because they substantially relied to their detriment on statements made by the WV State Police officials that they would receive Plan A benefits.

 8.) None of the Petitioners in this case were employed by the WV State Police until 6 months after the effective date of W.V.Code § 15–2A–3(a), which closed enrollment in Plan A. Petitioners were provided with, and signed enrollment forms providing for Plan B benefits. Petitioners are therefore charged with the knowledge of the law as is [sic] exists in the statute. There is no evidence that the Board made false statements or disseminated any false or misleading information to the Petitioners. The Board cannot now be estopped from carrying out the clear mandates of WV Code § 15–2A–1 et seq., despite any potential misrepresentations by state police officials.

 9.) The West Virginia Supreme Court has not extended constitutional protection against pension plan amendatory changes to persons who were not yet employed at the time the legislation was enacted or amended. Instead, the Court found that the legislature may amend pension benefits as they involve persons who someday in the future enter into a public safety employment contract with the state.

 10.) Next, the Petitioners assert that they should be included in Plan A on the basis of promissory estoppel because they reasonably relied to their detriment on their inclusion in the same.

 11.) Promissory estoppel applies when a party is induced to act or refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentation or concealment of a material fact.

 12.) In the case at bar, the Petitioners have failed to show that there was any misrepresentation or conduct on the part of the Board that induced them to enroll in Plan B.

 13.) Lastly, the Petitioners assert that their equal protection rights have been violated by the Board's refusal to provide Plan A benefits to them.

\* \* \*

 15.) The enactment of WV Code § 15–2A–3(a) does not create a separate and distinct class, but instead it creates a separate retirement system that applies uniformly to all members, and it rationally relates to a legitimate state purpose—ensuring the State Police Retirement Fund is adequately funded.

As noted above, the petitioners now assert that collateral estoppel cannot be based on an order in an administrative appeal of a decision of the Retirement Board. We reject this contention under the facts of this case. Here, the circuit court did not base its finding of collateral estoppel on an order of the

Retirement Board. Rather, the court based its finding on an order of the circuit court on appeal from the Retirement Board. The November 20, 2008, circuit court order is not a conclusory order simply affirming a decision of an administrative agency. Rather, it is a thorough and detailed summary judgment order that carefully addresses each of the arguments raised by the parties in their motions for summary judgment. Also, in filing their motions for summary judgment, the parties had full opportunity to set forth the applicable facts and law and were subject to the same procedures that govern any party to a civil action who moves for summary judgment. In light of these facts, this Court finds no reason why the November 20, 2008, order of the circuit court should not have the same preclusive effect accorded any final judgment of a circuit court.

In addition, a comparison of the November 20, 2008, circuit court order with the petitioners' complaint in the instant case indicates that the issues previously decided regarding the Retirement Board and Director Miller in the November 20, 2008, order are identical to the ones presented in the instant case. We further find that the circuit court's November 20, 2008, order is a final adjudication on the merits; the petitioners were parties to the prior action; and the petitioners had a full and fair opportunity to litigate the issues in the prior action. Accordingly, this Court finds that the circuit court below properly accorded preclusive effect to the November 20, 2008, circuit court order with regard to the claims alleged against the Retirement Board and Director Miller in the instant case.

This Court emphasizes that our finding is not that the petitioners could have asserted the same claims before the Retirement Board as it has in this case, that the petitioners could have sought the same relief before the Retirement Board that they now seek, or that the procedural rules before the Retirement Board are comparable to those of a circuit court. We are not addressing by virtue of a decision by the Retirement Board the issue of claim preclusion. Instead, this Court finds that on appeal of the Retirement Board's decision to the circuit court, the petitioners raised issues that are dispositive of the claims asserted by the petitioners in the instant case. In its order on the parties' summary judgment motions in the petitioners' administrative appeal, the circuit court addressed in detail and decided each of the specific issues raised by the petitioners. Thus, these issues were litigated by the parties and decided by a circuit court in a summary judgment proceeding. As a result, the decision of the circuit court in the petitioners' administrative appeal now forecloses the petitioners from once again litigating the identical issues before the circuit court in the present case.

2. Dismissal of State of West Virginia, PERS, and State Police Retirement System

■ The second issue the petitioners raise in appeal number 11–0746 is that the circuit court erred in granting the motions to dismiss of the State of West Virginia, the State Police Retirement System, and PERS. The petitioners' argument with regard to the dismissal of the complaint, which is a summary argument devoid of legal citations, is essentially that these respondents are necessary parties in light of the relief sought by the petitioners.

With regard to the State of West Virginia, the circuit court in the instant case found as follows:

29. Plaintiffs appear to attempt to state claims against the State of West Virginia and its agencies, e.g., the defendant Board and the defendant State Police, as if the State were a separate and independent entity. The Complaint contains no allegation that attempts to define what the plaintiffs intend when they refer to the "State of West Virginia" as opposed to its State agencies, such as the Board and the State Police, that are also expressly named.

30. Certain allegations in the Complaint attribute particular characteristics to the State, when those characteristics are equally attributable to a named defendant State agency, e.g., in paragraph 60 of the Complaint, the "State" is alleged to administer two retirement plans, when those plans are administered by the Board as expressly provided by W. Va.Code § 5–

10D–1. However, with the exception of the cited paragraph, i.e., Complaint ¶ 60, there appears to be no other express reference to the State, either as an actor or a defendant independent of its agencies.

31. The State is capable of acting only through its various agencies and departments.

> As a practical consequence of the expansion of government and the proliferation of bodies charged with conducting the State's business, **we have recognized that "proceedings against boards and commissions, created by the Legislature, as agencies of the State, are suits against the state** within the meaning of Article VI, Section 35, of the Constitution of West Virginia, **even though the State is not named as a party in such proceedings."** *Hamill v. Koontz,* 134 W.Va. 439, 443, 59 S.E.2d 879, 882 (1950); see also *Hesse v. State Soil Conservation Committee,* 153 W.Va. 111, 115, 168 S.E.2d 293, 295 (1969) (constitutional immunity "relates not only to the State of West Virginia but extends to an agency of the state to which it has delegated performance of certain of its duties").

*Arnold Agency v. W. Va. Lottery Comm'n,* 206 W.Va. 583, 590–91, 526 S.E.2d 814, 821–22 (1999) [emphasis added (by the circuit court)].

32. As the State acts through its agencies, the State cannot be treated as a separate and independent entity, or a separate and independent defendant, for the purposes of this action.

In its petition to this Court, the petitioners assert that the State of West Virginia should remain as a defendant in this case because it is the named insured on the State's liability insurance policy and two of its agencies, acting on its behalf, are alleged to be at fault in causing injury to the petitioners.

We find that the circuit court properly dismissed the petitioners' complaint against the State of West Virginia. The petitioners specifically allege no wrongdoing against the State of West Virginia as an individual party but rather against the State's agencies. Also, in light of the fact that an action against a State agency is an action against the State, and the petitioners have stated claims against State agencies, there simply is no reason to name the State of West Virginia as an individual party.

■ The petitioners also assign as error the circuit court's dismissal of PERS and the State Police Retirement System. In its order below, the circuit court based its dismissal on its finding that the allegations against PERS and the State Police Retirement System are insufficient to state a claim. In their petition in this Court, the petitioners state simply that "[t]hese defendants were joined for the purposes of effecting full relief in view of petitioners' request for equitable relief."

■ This Court finds that the circuit court properly dismissed PERS and the State Police Retirement System. Our review of the petitioners' complaint confirms that the petitioners failed to state a claim against these two parties on which relief can be granted. Under our law, "[i]n order to prove actionable negligence there must be shown a duty on the part of the person charged with negligence and a breach of such duty." Syl. pt. 2, *Atkinson v. Harman,* 151 W.Va. 1025, 158 S.E.2d 169 (1967). In addition, "[l]iability of a person for injury to another cannot be predicated on negligence unless there has been on the part of the person sought to be charged some omission or act of commission in breach of duty to the person injured." Syl. pt. 6, *Morrison v. Roush,* 110 W.Va. 398, 158 S.E. 514 (1931).

■ Our review of the petitioners' complaint indicates that the petitioners did not allege a duty and a breach thereof on the part of PERS and the State Police Retirement System that caused an injury to the petitioners. Further, pursuant to W. Va. Code § 5–10D–1(a) (2009), the Consolidated Public Retirement Board is charged with administering PERS and the State Police Retirement System. Therefore, a claim against these two retirement systems properly is brought against the Retirement Board. Consequently, this Court finds that the petitioners' complaint against PERS and the

State Police Retirement System was properly dismissed below.

The petitioners' final assignment of error in case number 11–0746 is that the circuit court improperly dismissed the complaint against these respondents because the respondents' motions to dismiss were untimely filed and were not properly noticed. As a result, say the petitioners, they did not have an opportunity to address the motions at the January 20, 2011, hearing.

First, we note that the original motion to dismiss of the Retirement Board and Director Miller was timely filed and raised the defense of collateral estoppel. Counsel for these two respondents argued the issue of collateral estoppel at the January 20, 2011, hearing, to which counsel for the petitioners responded. One of the grounds on which the circuit court granted these two respondents' motion to dismiss was collateral estoppel. Therefore, the fact that these respondents' amended motion to dismiss was allegedly untimely did not adversely affect the petitioners.

■ With regard to the motions to dismiss filed by the State of West Virginia, the State Police Retirement System, and PERS, we note that, despite the fact the petitioners' counsel was aware of these motions at the January 20, 2011, hearing, the petitioners did not raise the timeliness issue until they moved for post-judgment relief pursuant to Rule of Civil Procedure 60(b). At the January 20, 2011, hearing, the petitioners' counsel objected to the court's consideration of the motions at that time based on the fact that he had not properly received notice of the motions. Counsel did not, however, object to the untimeliness of the motions. Further, the petitioners appealed the March 30, 2011, order to this Court based on the order's merits. Therefore, under the specific facts of this case, this Court deems the alleged untimeliness of the respondents' motions to have been waived by the petitioners. *See Professional Billing Resources, Inc. v. Haddad*, 183 Misc.2d 829, 705 N.Y.S.2d 204 (N.Y.Civ.Ct.2000) (finding that plaintiff

waived lateness of motion to dismiss where plaintiff addressed motion on its merits and never raised objection to timeliness of motion); *see also Phillips v. League for Hard of Hearing*, 254 A.D.2d 181, 679 N.Y.S.2d 40 (N.Y.App.Div.1998) (ruling that plaintiff's failure to object to defendant's late answer for six weeks waived claim that answer not timely served).[4]

■ Finally, we find that the issue whether the petitioners' counsel had the opportunity to address the respondents' motions prior to the circuit court's ruling on the motions is moot. This Court determined above, after considering the petitioners' arguments, that the circuit court properly dismissed the petitioners' complaint against the State of West Virginia, the State Police Retirement System, and PERS because the complaint failed to state cognizable claims against these parties. We previously have recognized that "[c]ourts will not ordinarily decide a moot question." Syl. pt. 1, *Tynes v. Shore*, 117 W.Va. 355, 185 S.E. 845 (1936). Even if this Court agreed with the petitioners that they were wrongfully denied the right to contest the motions to dismiss, we found above that the circuit court properly granted the motions to dismiss. As a result, there is no reason to remand this matter to the circuit court for an additional hearing on the matter.

### B. Case No. 11–0747

■ In case number 11–0747, the petitioners appeal the circuit court's grant of summary judgment on behalf of the State Police. The dispositive issue is whether the circuit court properly found that damages sought by the petitioners are excluded by the State Police's liability insurance policy.

The applicable language of the insurance policy at issue under the heading "2. Exclusions," provides that "[t]his insurance does not apply ... 1. To any claim(s) made against the 'insured' for damages attributable to wages, salaries and benefits." In its summary judgment order, the circuit court found

---

**4.** Also of note is that the petitioners filed an amended complaint on March 8, 2011, after which Respondents State of West Virginia, State Police Retirement System, Retirement Board, PERS and Director Miller filed a timely renewal of their motion to dismiss.

that "[d]amages in the form of retirement benefits are not recoverable against the State Police as a matter of law as the relief sought by Plaintiffs herein is specifically excepted from the insurance available." (Footnote omitted).

■■ The petitioners present several arguments in support of their contention that coverage is not excluded in this case.[5] First, the petitioners aver that Endorsement # 17 to the policy extends the "wrongful act" coverage for the period of July 1, 1977 to July 1, 1995, without any exclusion for wages, salaries, and benefits. This endorsement provides:

WRONGFUL ACTS LIABILITY COVERAGE EXTENDED FOR "PRIOR ACTS"

*This endorsement modifies insurance provided under the following:*

WEST VIRGINIA COMPREHENSIVE LIABILITY COVERAGE FORM

Section 1—Coverages, Coverage E. Wrongful Act Liability Insurance is amended to add the following:

This insurance shall cover loss arising from any claim made against the "Named Insured", the estates, heirs, legal representative or assigns of deceased persons who were "insureds" at the time of the "Wrongful Act" upon which such claims are based for "Wrongful Acts" that were committed in the "policy territory" during the period July 1, 1977 to July 1, 1995 for State of West Virginia agencies and during the period July 1, 1980 to July 1, 1986 for Boards of Education which are reported to the Company, so long as the claim made against the "insured" for a loss arising from any "Wrongful Act" of the "insured" or of any other person for whose actions the "insured" is legally responsible was never reported to the "Named Insured's" prior carrier(s) and the Board of Risk and

Insurance Management of The State of West Virginia had no knowledge of the claim during the pendency of your claims made policy(ies).

However, this insurance does not apply to:

1. Claims made against the "insured" for a loss arising from any "Wrongful Act" of the "insured" or of any other person for whose actions the "insured" is legally responsible which occurred during the period July 1, 1977 to July 1, 1995 for State of West Virginia agencies and during the period July 1, 1980 to July 1, 1986 for Boards of Education and are:

 1) Covered under a prior claims made policy or any extended reporting period thereof issued to the "insured";

 2) Not covered under any prior claims made policy issued to the "insured" because the limits of liability are exhausted;

 3) Not covered under any prior claims made policy because it is within a deductible or self-insured retention; or

 4) Not covered under any prior claims made policy because of the bankruptcy or insolvency of the insurer(s).

2. Claims made against the "insured" for a loss arising from any "Wrongful Act" of the "insured" or of any other person for whose actions the "insured" is legally responsible which occurred prior to July 1, 1977 for State of West Virginia agencies and prior to July 1, 1980 for Boards of Education.

■■ In determining the meaning of language in an insurance policy, this Court is mindful that "[l]anguage in an insurance policy should be given its plain, ordinary meaning." Syl. pt. 1, *Soliva v. Shand, Morahan & Co., Inc.,* 176 W.Va. 430, 345 S.E.2d 33 (1986), *overruled on other grounds by Na-*

---

**5.** The petitioners indicate that the alleged wrongful acts committed by the State Police are covered under the coverage portion of the insurance policy. The policy defines "wrongful act" as "any actual or alleged act, breach of duty, neglect, error, misstatement, misleading statement or omission by the 'insured(s)' in the performance of their duties for the 'Named Insured', individually or collectively or any matter claimed

against them solely by reason of their being or having been 'insured(s)'." The petitioners assert that to exclude coverage based on the type of damages sought when they are covered under the coverage portion of the policy makes the policy inconsistent. This is incorrect. Generally, an exclusion in an insurance policy operates to exclude coverage where coverage would otherwise exist but for the exclusion.

*tional Mut. Ins. Co. v. McMahon & Sons,* 177 W.Va. 734, 356 S.E.2d 488 (1987). Further, "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl., *Keffer v. Prudential Ins. Co.,* 153 W.Va. 813, 172 S.E.2d 714 (1970).

■ This Court's review of the language in Endorsement # 17 compels us to reject the petitioners' position that the endorsement nullifies or modifies in any way the exclusion at issue in the insurance policy. The endorsement by its express terms amends Section 1 of Coverage E of the policy which explains the policy's coverage for wrongful acts. In other words, the endorsement amends the coverage portion of the policy. In contrast, the exclusions section of the policy is located in Section 2. The endorsement says nothing about the exclusions sections of the policy and does not purport to modify this section in any way. In addition, the petitioners' reading of the endorsement would result in the elimination from the policy of every exclusion and section of the policy not specifically reproduced in the endorsement, an argument which would lead to an absurd result. Generally, an endorsement to an insurance policy is intended to modify the portion of the policy so indicated in the endorsement, not to serve as a complete replacement of an insurance policy. Therefore, there simply is no reason to construe the endorsement as urged by the petitioners.

Next, the petitioners argue that the exclusion at issue is vague and ambiguous.[6] This argument is as follows:

[The exclusion at issue] was obviously intended to apply to claims such as wage and hour violations and claims against the state for reclassification, administrative wage

and hour claims, but not "wrongful acts." This is because the tort action defines the coverage. In other words, coverage goes to what the wrongful act or liability is. Coverage is not typically determined by the consequences of the action. In this case, misrepresentation, fraud and negligence are the causes of action to which one is required to look in order to define coverage. Petitioners' claims are that they would not have accepted employment with the [West Virginia State Police] if they had been told they would receive Plan B benefits.

"Wages, salaries and benefits" are not defined in the policy. However, it is clear that these words are nouns. They are not acts. "Wages, salaries and benefits" did not cause Plaintiffs' claims. Defendants' acts—their misstatements, misleading statements, and omissions—caused Plaintiffs' claims.

What is clear is that when a claim involves a "Wrongful Act," the policy provides coverage for whatever resulted from the wrongful act. Therefore, the coverage is determined by the act and not by the consequence of the act. In this case the petitioners' losses were a result of the torts of misrepresentation, fraud and negligence. These acts are covered under the policy. (Citations to appendix omitted).

■ This Court likewise rejects this argument of the petitioners. First, we find no support for the petitioners' assertion that the exclusion at issue is intended to apply to such claims as wage and hour violations, claims for reclassification, and administrative wage and hour claims, but not wrongful acts. Further, the petitioner cites to nothing in our law that prohibits an insurance policy exclusion based on the type of damages sought

---

**6.** In their brief to this Court, the petitioners casually mention that "[t]his exclusion is only applicable from July 2, 2005." In their reply brief, they describe the State Police's insurance policy as "effective July 1, 2001." If it was the intention of the petitioners to assert that the exclusion at issue was not in effect at the time of the respondents' alleged wrongful acts, they needed to expressly state as much. (According to the petitioners, many of the respondents' alleged wrongful acts occurred from 1993 to July

1995.) In addition, it was incumbent on the respondents to provide evidence to support such an assertion. This Court previously has indicated that "[t]he mere contention that issues are disputable is not sufficient to deter the trial court from the award of summary judgment." *Brady v. Reiner,* 157 W.Va. 10, 30, 198 S.E.2d 812, 824 (1973), *overruled on other grounds by Bd. of Church Extension v. Eads,* 159 W.Va. 943, 230 S.E.2d 911 (1976).

instead of the wrongful act alleged in a claim. In fact, one commentator has provided that "[a]n exception or exclusion in a policy of insurance is a limitation of liability or a carving out of certain types of loss to which the coverage or protection of the policy does not apply." 17 *Williston on Contracts* § 49:111 (4th ed.2000). In addition, this Court finds the exclusionary language at issue to be clear and unambiguous. Under our law, "[w]henever the language of an insurance policy provision is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous." Syl. Pt. 1, *Prete v. Merchants Property Ins. Co.*, 159 W.Va. 508, 223 S.E.2d 441 (1976). We do not believe that the exclusion at issue is reasonably susceptible of two different meanings or of doubtful meaning. The terms "wages" and "salaries" are clear, and the word "benefits" when accompanied with the words "wages" and "salaries" plainly refers to those employment benefits other than wages or salaries, which obviously includes retirement benefits.[7] The crux of the petitioners' complaint is that they wrongly were denied Plan A retirement benefits, and they seek damages attributable to these retirement benefits.

Finally, the petitioners assert that the exclusionary language at issue is unenforceable under this Court's opinion in *Shaffer v. Stanley*, 215 W.Va. 58, 593 S.E.2d 629 (2003). In *Shaffer*, this Court held that the Bureau of Child Support and Enforcement had a statutory duty to repay a former husband for amounts of child support collected from the former husband that exceeded the amounts that he owed. We further found that the Bureau was not constitutionally immune from suit to recover overpaid child support arrearages. This Court reasoned that the Bureau had a responsibility pursuant to both statute and legislative rule to refund to obligors amounts which have been improperly withheld. We further reasoned that the Board of

Risk and Insurance Management had a statutory duty to purchase and contract for insurance to provide coverage for all of the DHHR's activities and responsibilities. Finally, this Court indicated in footnote 14 of *Shaffer* that,

> Due to the fact that the Board of Risk and Insurance Management had a statutory duty under W. Va.Code § 29–12–5(a) ... to purchase or contract for insurance for all of the DHHR's responsibilities, this Court wishes to make clear that the absence of any such coverage may not be used by the DHHR to deprive the appellee [former husband] of a refund of his overpayment.

*Shaffer*, 215 W.Va. at 68 n. 14, 593 S.E.2d at 639 n. 14.

The petitioners opine that *Shaffer* applies to the instant case to prohibit the State Police from asserting an absence of coverage to deprive the petitioners of the damages to which they are entitled as a result of the State Police's wrongful acts. According to the petitioners, the Board of Risk and Insurance Management had a statutory duty to purchase or contract for insurance to cover the duties and responsibilities of the State Police. Also, the State Police had a duty to deal with the petitioners in a lawful manner and to refrain from wrongful acts against the petitioners. Therefore, say the petitioners, while there is coverage for the petitioners' claims, even the absence of any coverage may not be used to deprive the petitioners of the damages to which they are entitled.

 This Court declines to read *Shaffer* as broadly as the petitioners urge us to do because to do so would eviscerate the constitutional immunity enjoyed by the State. According to Article VI, § 35 of the West Virginia Constitution, in part: "The State of West Virginia shall never be made defendant in any court of law or equity[.]" We have recognized that "[t]he constitutional immunity of the State from suit extends to its gov-

---

7. The petitioners also invoke the doctrine of reasonable expectations. However, this Court has made clear that "[i]n West Virginia, the doctrine of reasonable expectations is limited to those instances ... in which the policy language is ambiguous." *National Mut. Ins. Co. v. McMa-*

*hon & Sons*, 177 W.Va. 734, 742, 356 S.E.2d 488, 496 (1987), *overruled on other grounds by Potesta v. U.S. Fidelity & Guar. Co.*, 202 W.Va. 308, 504 S.E.2d 135 (1998) (Citations omitted). Again, we do not find the exclusionary language at issue ambiguous.

ernmental agencies." Syl. pt. 2, in part, *Stewart v. State Road Comm'n,* 117 W.Va. 352, 185 S.E. 567 (1936). It is well settled, however, that "[s]uits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State." Syl. pt. 2, *Pittsburgh Elevator v. W. Va. Bd. of Regents,* 172 W.Va. 743, 310 S.E.2d 675 (1983). Therefore, recovery from a state agency is permitted only up to the limits of the agency's liability insurance policy.

Our decision in *Shaffer* was based on the specific facts of that case. Specifically, the Bureau had an express duty by both statute and legislative rule to refund money to obligors who had overpaid what they owed in child support. Because the Bureau had such a clearly defined responsibility under the law, and because the Board of Risk and Insurance Management had the statutory authority to purchase insurance coverage for the DHHR's responsibilities, this Court determined that the DHHR could not raise constitutional immunity to escape its specific lawful obligation.[8] In contrast to *Shaffer,* the petitioners do not allege that the State Police violated an express and specific statutory mandate. Also, this Court has never held that the State Board of Risk and Insurance Management is charged with purchasing insurance that covers every conceivable claim that may be brought against a State agency. Therefore, this Court finds no merit to the petitioners' assertion that the petitioners' claims should not be excluded under the State Police's liability insurance policy. Ac-

cordingly, having found no merit to the petitioners' assignments of error in case number 11–0747, this Court affirms the circuit court's order in that case.[9]

### C. Case No. 11–1146

The final case before us is the petitioner's appeal of the circuit court's June 29, 2011, order. In that order, the circuit court denied the petitioners' motion under Rule 60(b) of the Rules of Civil Procedure to amend the circuit court's March 30, 2011, order dismissing the petitioners complaint against the Retirement Board, Director Miller, the State of West Virginia, the State Police Retirement System, and PERS.[10] In support of their Rule 60(b) motion, the petitioners complain that the respondents' motions to dismiss were filed untimely and without leave of court, and that petitioners did not have an opportunity to oppose these motions.

This Court recently explained that

although our review of a lower court's denial of a Rule 60(b) motion is generally limited and deferential, where the Rule 60(b) motion challenges the trial court's earlier dismissal of a case our review focuses on the substantive standard of review applicable to the dismissal when the appeal period has not expired on the dismissal order.

*Choice Lands, LLC v. Tassen,* 224 W.Va. 285, 289, 685 S.E.2d 679, 683 (2008) (citation omitted). The petitioners timely appealed the circuit court's dismissal of their complaint against Respondents State of West Virginia, PERS, State Police Retirement System, the Retirement Board, and Director Miller in

---

8. With regard to footnote 14 of *Shaffer,* this Court previously has cautioned that "language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.'" *State ex rel. Medical Assurance v. Recht,* 213 W.Va. 457, 471, 583 S.E.2d 80, 94 (2003) (citing Black's Law Dictionary 1100 (7th ed.1999)).

9. The circuit court also granted summary judgment on behalf of the State Police on the basis of collateral estoppel. Because of our determination that summary judgment was properly granted based on the lack of insurance coverage, we find it unnecessary to address the collateral estoppel issue.

10. In case number 11–1146, the State Police filed a response brief to which the petitioners replied. However, our reading of the petitioners' motion for relief below indicates that the petitioners did not seek post-judgment relief in the circuit court from the March 30, 2011, order that granted summary judgment on behalf of the State Police. In any event, the record indicates that the State Police argued their summary judgment motion before the circuit court, and the petitioners actively opposed the motion. Thus, the petitioners would be foreclosed from seeking relief from the circuit court's order based on any alleged untimeliness of the State Police's motion for summary judgment.

case number 11–0746, and this Court found a sound basis in our law for that dismissal. Having affirmed the circuit court's March 30, 2012, order dismissing the petitioners' complaint against these respondents, we also affirm the circuit court's June 29, 2011, order that denied the petitioners relief from the March 30, 2012 order.

## IV. CONCLUSION

For the reasons set forth above, in case number 11–0746 this Court affirms the March 30, 2011, order of the Circuit Court of Kanawha County that granted the motions to dismiss of Respondents State of West Virginia; West Virginia State Police Retirement System; West Virginia Public Employees Retirement System; West Virginia Consolidated Public Retirement Board; and Terasa L. Miller, Acting Executive Director of the West Virginia Consolidated Public Retirement Board.

In case number 11–0747, this Court affirms the March 30, 2011, order of the Circuit Court of Kanawha County that granted summary judgment on behalf of Respondent West Virginia State Police.

Finally, in case number 11–1146, this Court affirms the July 29, 2011, order of the Circuit Court of Kanawha County that denied the petitioners' motion to amend judgment and for default.

No. 11–0746—Affirmed.

No. 11–0747—Affirmed.

No. 11–1146—Affirmed.

Justice WORKMAN concurs in part and dissents in part and reserves the right to file a separate opinion.