# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lisa Tenney,**
**Petitioner Below, Petitioner**

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0091** (Kanawha County 12-AA-117)

**West Virginia Division of Health and**
**Human Resources/William R. Sharpe Jr. Hospital,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa Tenney's appeal, filed by counsel Mark A. Barney, arises from the Circuit Court of Kanawha County. By order entered on January 4, 2013, the circuit court affirmed the West Virginia Public Employees Grievance Board's decision that dismissed petitioner's grievance. Respondent Department of Health and Human Resource/William R. Sharpe Jr. Hospital, by counsel Michael E. Bevers, filed a response in support of the circuit court's order. Petitioner argues that her grievance should have been heard on the merits at her level three hearing.

This Court has considered the parties' briefs and the records on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the records presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2011, petitioner filed a grievance against respondent, alleging that it placed unreasonable restrictions on leave use and that it denied her a reasonable accommodation by requiring her to work overtime. Following a level one hearing, the West Virginia Public Employees Grievance Board ("Grievance Board") denied petitioner's grievance in November of 2011. Thereafter, petitioner was absent from work due to a medical condition. On December 5, 2011, respondent informed petitioner that her accrued leave time would expire on December 12, 2011, and that, accordingly, petitioner would need to either return to work or provide a physician's statement verifying that she could not return to work. Petitioner responded that she would provide a physician's statement by the required date, but petitioner failed to do so. As a result, in January of 2012, respondent dismissed petitioner from employment due to job abandonment. Petitioner never filed a grievance over this employment termination.

Respondent dismissed petitioner from employment after she filed her initial grievance, but before the grievance was fully decided at a level three Grievance Board hearing in September of 2012. Following this level three hearing, the hearing examiner denied petitioner relief after finding that petitioner's dismissal from employment with respondent rendered her grievance

1

moot. On appeal to the circuit court, the circuit court agreed with the Grievance Board that petitioner's grievance was moot, due to her unchallenged dismissal from employment. From this order, petitioner now appeals.

We review petitioner's appeal under the following standard of review:

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va.Code § 29A–5–4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996). With this standard in mind, we turn to petitioner's arguments on appeal.

Petitioner raises two assignments of error. First, petitioner argues that the circuit court erred in affirming the Grievance Board's decision because the grievance process was not intended to be a procedural "quagmire" and petitioner's grievance and dismissal are inextricably intertwined. Petitioner asserts that her discharge from employment did not render her grievance moot because her dismissal was not for good cause and because her discharge was based on the same reason for which she filed her initial grievance. Second, petitioner argues that the circuit court erred in affirming the Grievance Board because she substantially complied with the procedure concerning grievance filings and her case should have been heard on the merits.

Upon our review of the parties' arguments and the record presented on appeal, we affirm the decision of the circuit court. The grievance system provides a procedure for public employees to resolve grievances with regard to their employment. *See* W.Va. Code § 6C-2-1(a). Any relief the Grievance Board might have accorded to petitioner had she not been discharged from employment, and had she prevailed before the Grievance Board, is now purely speculative. "'Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes. . . .' Syllabus point 2, in part, *Harshbarger v. Gainer*, 184 W.Va. 656, 403 S.E.2d 399 (1991)." Syl. Pt. 4, *Huston v. Mercedes-Benz USA, LLC*, 227 W.Va. 515, 711 S.E.2d 585 (2011). "'Courts will not ordinarily decide a moot question.' Syl. pt. 1, *Tynes v. Shore*, 117 W.Va. 355, 185 S.E. 845 (1936)." Syl. Pt. 4, *Bland v. State*, 230 W.Va. 263, 737 S.E.2d 291 (2012). It is undisputed that petitioner did not file a separate grievance that challenged her termination from employment. The grievance she did file addressed allegations that she was denied reasonable accommodations in her former employment. Upon petitioner's discharge, this specific grievance became moot.

For the foregoing reasons, we affirm.

Affirmed.

2

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

**DISQUALIFIED:**

Justice Margaret L. Workman

3